**DELAPLANE, Plaintiff-Appellee, v. DELAPLANE, et, Defendants-Appellees, KELLER, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 660.    Decided April 19, 1948.

Wilbur D. Spidel, Walter F. Rhynard, Greenville, for plaintiff-appellee.
S. E. Mote, Greenville, for defendant-appellee.
Hugh A. Staley, Greenville, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion by defendant-appellant to dismiss the appeal on two grounds: First, the motion of the appellant to be made a party to the suit was made after final judgment had been rendered; and Second, the overruling of the motion of appellant to be made a party to the suit was not a final order.

The action was one for divorce in which the court was required to determine the ownership of a 78 acre farm. The court granted divorce to the plaintiff and found the title to the farm to be in the defendant. The court ordered the farm to be sold and the proceeds divided between the plaintiff and defendant. After judgment, the appellant, a tenant on the farm filed a motion to be made a party to the suit and tendered a cross-petition which contains three causes of action, all of which are grounded on his alleged rights as a tenant on said farm. He alleges that he rented said farm and moved onto the property on March 1, 1947, and that he has leased the farm from the plaintiff for the crop year of 1948; that he has been given notice to vacate by the defendant; that he has sown 14 acres of wheat on said farm; that he has furnished certain articles now in use on the farm which he should be privileged to remove; that he has made repairs, purchased and used seed and fertilizer, in the amount of $245.96 which should be paid to him.

The record shows that the action was pending since October 19, 1946. The petition specifically described the real estate in question and raised the question of ownership. The decision of the court granting decree of divorce and alimony to the plaintiff and setting aside the deed to the real estate and ordering sale thereof was filed August 4, 1947. A final judgment was journalized January 30, 1948. The motion to be made a party to the suit was filed by appellant on February 14, 1948, together with a tendered cross-petition.

The trial court overruled the motion on the authority of **Cook v. Mozer, 108 Oh St 30,** 140 N. E. 590 on the ground that the doctrine of lis pendens applied.

The first branch of the motion very properly raises the question as to whether the motion of appellant was seasonably filed. In Cook v. Mozer, supra, the second paragraph of the syllabus is as follows:

"The doctrine of lis pendens has appropriate and special application in an action for divorce and alimony, especially where the property directly involved and claimed is specifically described in the pleadings. (**Tolerton v. Williard, 30 Oh St, 579,** approved and followed.)

While the record in this case shows that the doctrine of lis pendens applies, it is not the application of this doctrine which precludes the appellant from being made a party to the suit. The appellant was charged with knowledge of the

litigation and the issues involved. His rights rise no higher than those of his lessor. To that extent he is bound by lis pendens. However, he allowed the action to go to judgment before making a motion to be made a party. The issues between the parties to the suit were concluded. A judgment being entered, the appellant was first required to comply with the statutory provisions in setting aside or vacating a judgment. This he did not do. It is too late to move to be made a party to the suit after judgment is rendered.

Was the order of the trial court in overruling the motion of appellant to be made a party to the suit a final order from which an appeal may be taken? To sustain the appeal appellant cites the case of **Cent. Nat'l. Bank v. Newton Steel Co., 61 Oh Ap 57,** 22 N. E. (2d) 428. In that case, a motion for leave to intervene as defendant in a foreclosure action was filed on answer day. The court overruled the motion and an appeal was taken from that order. In the Court of Appeals a motion was filed to dismiss the appeal on the ground that the order of the common pleas court overruling the motion to intervene was not a final order. The court quoted §11263 GC which provides:

"In an action for the recovery of real or personal property, a person claiming an interest in the property, on his application, may be made a party."

The court on page 70 comments on the effect of this statute as follows:

"The language of this section conforms to the equitable rule formerly prevailing in chancery and confers upon the trial court the exercise of a sound discretion in determining whether the overruling of a motion to intervene will affect a substantial right and in effect determine the action and prevent a judgment favorable to a person seeking to intervene. It would, therefore, appear that the motion to dismiss the appeal should be overruled and the cause heard solely upon the question whether the trial court abused its discretion in overruling the motion of appellant to intervene. Has the order of the trial court overruling appellant's motion affected a substantial right which appellant has in this action, and if so, does such order in effect determine the action and prevent a judgment in favor of appellant?"

The court then proceeded to consider the allegations in the tendered answer and cross-petitiion which for the purposes

of the motion were considered to be true. The court finally found that a substantial right of the appellant was not affected and that the trial court did not abuse its discretion in overruling the motion to intervene.

We are of the opinion that the provisions of §11263 GC have no application to the issues herein raised. The sole question, as we see it, is whether the order made by the trial court was a final order within the provisions of §12223-2 GC which provides:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title."

After considering the allegations in appellant's cross-petition which was tendered to the trial court, we fail to see in what way a substantial right of said appellant had been affected. Whatever right appellant possessed which was affected did not have the effect to determine the action and prevent a judgment for the appellant. He is still free to pursue any legal or equitable remedy he may have. In our opinion the order overruling the motion of the appellant to be a party to the suit was not a final order from which an appeal may be taken. If we are incorrect in our holding that the order appealed from is not a final order, then it became a matter of discretion with the trial court. In our opinion, under the state of this record the trial court did not abuse its discretion in overruling the motion.

Accordingly the court sustains the motion to dismiss the appeal on both grounds.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.