LIKOVER ET AL, APPELLEES *v.*
CITY OF CLEVELAND ET AL., APPELLANTS

[Cite as Likover v. Cleveland (1978),
60 Ohio App. 2d. 154.]

(No. 37160—Decided November 9, 1978.)

*Messrs. Guren, Merritt, Sogg & Cohen* and *Mr. Charles M. Rosenberg,* for appellants.

*Messrs. Krause, Klein, Goloboff & Stevens* and *Mr. Barry D. Goloboff,* for appellees.

*Mr. Jack M. Schulman* and *Mr. John Kless,* for appellants the city of Cleveland et al.

JACKSON, J. On or about May 11, 1960, Sanford and Florence Likover (plaintiff-appellees) purchased an apartment building from Rose and Anne Stern (intervening plaintiff-appellants). On April 7, 1961, the city of Cleveland (defendant-appellants) placed placards at the entrances to said apartment building, announcing that the building had been condemned. Likovers pursued a series of legal actions, as more fully outlined in *Likover* v. *City of Cleveland,* unreported, Eighth Appellate District, No. 37138, decided June 1, 1978, in an attempt to save the building from condemnation. Nevertheless, on September 10, 1966, the building was, in fact, razed. On June 10, 1970, the Likovers filed an action against the city alleging wrongful demolition of the

building. That action resulted in summary judgment being granted on June 17, 1974, in favor of Likovers on the issue of liability. The issue of damages was tried on January 25, 1975, and the Likovers were awarded $35,000 on November 3, 1975. On November 14, 1975, the city filed a motion for a new trial and the Sterns filed a motion to intervene. The claimed basis of their motion to intervene is that they have a lien and an equitable interest in the property which is the subject of the main litigation. The motion for a new trial and the motion to intervene were both denied on October 8, 1976. The Sterns have taken this appeal from the denial of their motion to intervene. Two errors have been assigned for review.

Before addressing the merits of this appeal, we shall consider a question raised by the Likovers' motion to dismiss the appeal. The question is whether or not the denial of the motion to intervene is a final appealable order.

We conclude that it is a final order since the denial of the motion affected a substantial right, see *Holibaugh* v. *Cox* (1958), 167 Ohio St. 340, determined the action and prevented a judgment as to intervenors on a claim of wrongful destruction of property against the City.[1] See R. C. 2505.02. So deciding, we may proceed to consider the errors assigned for review.

"Appellant-Intervenors clearly 'claim[ed] an interest relating to the property which was the subject of the action and [they were] so situated that the disposition of the action*** as a practical matter impair[ed] and impede[d] their ability to protect that interest'*** within the meaning of

---

[1] Appellees have cited the case of *Delaplane* v. *Delaplane* (1948), 84 Ohio App. 165, to us in support of their position that the denial of this motion to intervene is not a final appealable order. The Darke County Court of Appeals held in that case that a substantial right of a tenant on a farm was not affected by a divorce proceeding in which title to the farm was determined.

*Delaplane* may be distinguished from the case at bar, however, in that it arose in a domestic relations court, which is a court of limited jurisdiction, and the intervenor claimed a leasehold interest which is of different import than a lien. Furthermore, even if we were not persuaded by these differences, the *Delaplane* case arose in a court of a different jurisdiction from our own which is properly entitled to respect and consideration, but is not binding on this court. Neither party has cited any decision of the Ohio Supreme Court which would be controlling, nor have we discovered any. In such cases, we have an obligation to exercise our own judgment to determine what the law is.

Rule 24 (A), Ohio Rules of Civil Procedure, and for that reason the trial court's denial of their motion to intervene was erroneous and properly should be reversed."

By this assignment of error, intervenors contend that they come within the strictures of Civil Rule 24 (A) (2) and are therefore entitled to intervene as a matter of right.

Civ. R. 24(A) reads in part:

"*Upon timely application* anyone shall be permitted to intervene in an action:***(2)when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Emphasis added.)

The threshold question which must be addressed is whether or not appellants' motion to intervene was timely within the meaning of this rule and on the facts of this case. Factors pertinent to this consideration are set forth below.

September 10, 1966, building razed.

June 10, 1970, Likovers sue City for wrongful demolition.

September 10, 1970, statute of limitations for destruction of building runs.[2]

June 17, 1974, summary judgment on liability awarded to Likovers.

November 3, 1975, damages of $35,000 awarded to Likovers.

November 14, 1975, Sterns filed motion to intervene. City filed motion for new trial.

October 8, 1976, motion to intervene denied. Motion for new trial denied.

---

[2] Intervenors have attempted to join as party-plaintiffs against the city. Though the basis of their alleged right to intervene is that they are lienholders on the property which is the subject of the main litigation, and though a different statute of limitations would control an action on a contract, the statute which controls intervenors' attempted intervention against the city is that which applies to trespass to real property. R. C. 2305.09 requires that such actions must be brought within four years of the accrual of the cause of action. The apartment building was razed, and thus the cause of action accrued on September 10, 1966. While the Likovers initiated their action within the period of the statute, the Sterns' motion to intervene was filed nine years after the razing and was subject to the bar of the statute.

Upon consideration it becomes apparent that there are two aspects to the concept of timeliness. One relates to the statute of limitations. This aspect focuses on when the cause of action accrued and on whether the motion is barred by the statute. The second aspect relates to the "timely" requirement of Civil Rule 24 and the focus in this regard is the context of the trial proceedings. Each aspect shall be considered in turn.

The general rule in Ohio appears to be that a person may not be brought in as a party plaintiff or defendant where the cause of action as to him at the time is barred by the statute of limitations. *See e.g. Beach* v. *Union Gas & Electric Co.* (1935), 130 Ohio St. 281; *United States Promotion Co.* v. *Anderson* (1919), 100 Ohio St. 58; *Motorist Mutual Ins. Co.* v. *Cook* (1971), 31 Ohio App. 2d 1.

Exceptions to this rule do exist, however. The proper analysis appears to be that a person who claims an independent cause of action cannot be brought into the original action after the expiration of the statutory period, but where the cause of action is the same, a suit commenced within the statutory period inures to the benefit of the person who is brought in after the statute of limitations has run. *See* Annotation, 8 A.L.R. 2d 6, Sections 14, 42, 43.

This approach has been utilized by Ohio courts to allow spelling corrections in the name of a defendant after the running of a statute of limitations,[3] amendments where the action of the opposing party causes the improper party to be named,[4] inclusions of all interested persons in a will contest, an *in rem* action, as long as some were made parties prior to the running of the statute,[5] subsequent inclusion of unnamed creditors where the creditor's suit was initially brought on behalf of all creditors,[6] or inclusion of a person whose interest is united with one already a party.[7]

This final example is relevant to the case at bar. In

---

[3] *Bloom* v. *Holzhauer* (1963), 119 Ohio App. 139.

[4] *Smith* v. *Brush-Moore Newspapers* (1971), 27 Ohio St. 2d 111; *Moherman* v. *Nickels* (1943), 140 Ohio St. 450.

[5] *Bradford* v. *Andrews* (1870), 20 Ohio St. 208.

[6] *Barrick* v. *Gifford* (1890), 47 Ohio St. 181.

[7] *Holibaugh* v. *Cox* (1958), 167 Ohio St. 340.

*Holibaugh* v. *Cox* (1958), 167 Ohio St. 340, the Supreme Court noted that while in prior cases it had often considered the question of whether a person may be compelled to join as a party to an action, it had never before considered whether a party, united in interest, may be *refused permission* to join in a timely commenced suit after the statute of limitations had run. The court held in that case that the insured-assignor must be permitted to join in an action timely commenced by the insurer-assignee against a tortfeasor, even where the motion was filed after the running of the statute. The court reasoned that the evidence which must be adduced by the original parties would remain identical except for additional proof establishing a valid assignment and possible proof by defendant of a defect in the assignment. In support of its position, the court relied on *Lake Erie & Western Rd. Co.* v. *Falk* (1900), 62 Ohio St. 297, 306, from which we also quote in part;

"But the subject of the action was the loss sustained in consequence of the destruction of the property. The object of the suit was to recover value of the property from the party ultimately liable and to apportion the proceeds of the judgment recovered between the injured parties according to their interests in the amount recovered. The recovery sought was for a single wrongful act***."

Therefore, the statute of limitations is not a bar to the intervention of the Sterns in the instant case. Yet that does not resolve the issue, for the question of timeliness in the context of the trial proceedings must also be considered. The *Holibaugh* decision is not dispositive because in that case the motion was made "at the beginning of the trial" and in the case at bar, the motion to intervene was brought after trial, and after judgment was entered, but prior to ruling on a motion for a new trial.

It appears to be the rule in the federal courts as well as in the majority of states that the timeliness of a motion to intervene is a matter within the sound discretion of the trial judge, to be reversed only upon an abuse of that discretion. *See* 3 Moore, Federal Practice, Paragraph 24.13 (2d ed. 1978) and Annotation, 37 A.L.R. 2d 1306, Section 4. In general, the basis of the alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original

parties. Intervention as of right may be granted at a time in the proceedings when permissive intervention would not. That is, in cases of permissive intervention, greater consideration may be given to undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted. Nevertheless, intervention of either sort, after judgment is entered, is quite unusual and seldom granted, unless it is the *only* way to protect the intervenor's rights. Moore, *supra,* and see *Delaplane* v. *Delaplane, supra.*[8]

In oral argument of the case at bar, intervenors freely stated that alternative remedies are available to them. This motion, therefore, does not represent their only means of protecting their interest.[9]

Accordingly, we conclude that where a motion to intervene is filed after judgment is entered, and where the intervenors have alternative remedies available to them, the trial judge has not abused his discretion in denying the motion to intervene.

This first assignment of error is without merit.

"The trial court committed reversible error to the detriment of appellant-intervenors' substantial rights when its [*sic*] summarily and without an evidentiary hearing, written

---

[8] At least one Ohio Court has addressed this question and stated: "It is too late to move to be made a party to the suit after judgment is rendered." 84 Ohio App. at 167.

Intervenors have cited four federal cases in their lower court brief in support of their position that intervention should be allowed after judgment, but none of these cases contravenes the general rule which we choose to follow. *Kozak* v. *Wells* (C.A. 8, 1960), 278 F. 2d 104, stated in *dicta* that there may be occasions when intervention is proper after judgment, but that specific issue was neither before the court nor decided by it. *Wolpe* v. *Poretsky* (C.A.D.C. 1944) 144 F. 2d 505, *certiorari denied* 323 U. S. 777, *Cuthill* v. *Ortmann-Miller* (C.A. 7, 1954) 216 F. 2d 336, and *Pelligrino* v. *Nesbitt* (C.A. 9, 1953) 203 F. 2d 463, all hold that intervention may be allowed after a final decree where it is necessary to preserve some right *which cannot otherwise be protected.*

[9] In resolving the precise issue before us, we note that there has not been a decision rendered herein upon any rights or claims that the intervenors may have against the plaintiffs-appellee Likovers.

opinion, findings of fact or conclusions of law, denied appellants' motion to intervene in the case at bar."

The intervenors contend, by the argument in support of this assignment of error, that the court erred in failing to conduct an evidentiary hearing, to issue a written opinion, or to issue findings of fact or conclusions of law.

The question of whether a hearing is held upon a motion is controlled in Ohio by the procedural rules of court. Rule 11 (A) and (B) of the Cuyahoga County Rules of the Court of Common Pleas reads as follows:

"(A) *Motions, in general, shall be submitted and determined upon the motion papers hereinafter referred to.* Oral arguments of motions will be permitted on application and proper showing.

"(B) The moving party shall serve and file with his motion a brief written statement of reasons in support of the motion and a list of citations of the authorities on which he relies. *If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all affidavits, depositions, photographs or documentary evidence which he desires to present in support of the motion.*" (Emphasis added.)

In the case at bar, the intervenors filed a complaint and an affidavit along with their motion to intervene. They also filed a reply brief to which no evidentiary material was attached. Subsequently, two "informal" hearings were apparently conducted before the trial judge and the record does not disclose that a "formal" hearing was thereafter requested.

In general, motions are decided on the basis of the documents submitted to the court. There is no suggestion in the record that the intervenors would have presented any evidentiary materials at a hearing which they could not have presented as an attachment to their motion in the form of affidavit, deposition, photographs, or documentary evidence. In light of this record, we must conclude that the trial judge did not abuse his discretion in not holding a formal evidentiary hearing.

Intervenors also contend that the trial judge erred in failing to issue a written opinion in denying intervention. While it may be the better practice of trial judges to issue an opinion

setting forth the basis of their decisions, we are not aware of any authority requiring a trial judge to do more than issue a simple decision on motions coming before them. Intervenors have not cited any authority to the court in support of their contention. Thus, we find that the trial judge did not err in failing to supplement his decision with a written opinion.

Finally, intervenors contend that the trial judge erred in failing to issue findings of fact and conclusions of law. This question is controlled by Rule 52 of the Rules of Civil Procedure. The rule makes it clear that the issuance of findings of fact and conclusions of law may only become obligatory on a trial court upon a timely request by a party. In the absence of such a motion there is no obligation on the part of the court to do so. In the case at bar, intervenors did not file a request for findings of fact and conclusions of law. Therefore, there was no obligation on the trial judge to prepare such findings and consequently, there is no error.

We further conclude that the "difficult burden of appealing without a record" of which intervenors complain in their brief is of their own making. The civil rules provide a mechanism by which a record may be created and preserved. The burden, however, is on the parties to the action and not on the court.

This assignment of error is without merit.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

KRENZLER, P. J., and DAY, J., concur.

KRENZLER, P. J., concurring.   I concur in the judgment of affirmance with the following additional comment.

The intervenors below, the Sterns, sold Likover an apartment building. Ultimately, there were two mortgages on the property held by two savings and loan associations. The sellers, the Sterns, were personally liable on both mortgages, while Likover remained the fee holder.

Likover defaulted on his payments on the second mortgage, and foreclosure proceedings were commenced by the second mortgagee savings and loan. After the litigation was completed, the Sterns were required to pay off both mortgages, which they in fact did. However, the Sterns did not take title to the property, and title still remains in Likover.

The record does not demonstrate why the Sterns did not take title or whether the Sterns became either mortgagees or lien holders as a result of satisfying the two mortgages. However, the Sterns claim that they are lien holders.

With Likover as the fee holder and owner of the property, the city demolished the building and Likover sued for trespass to real property in violation of R. C. 2305.09. The Sterns were not made parties as lien holders or on any other basis by either Likover or the city of Cleveland.

Following trial and entry of judgment for Likover in the amount of $35,500, the Sterns filed a motion to intervene on three bases: first, as real parties in interest; second, as lien holders; and third, as holders of an equitable interest. This motion was denied without explanation or hearing by the trial court.

If in fact the Sterns are real parties in interest they could maintain a wrongful demolition action against the city in their own right, or seek to intervene in the present action. If the Sterns are in fact mortgagees or lien holders, they should have been made parties to this litigation by either Likover or the city. This was not done. Also, if the Sterns are lien holders, they could intervene. If the Sterns have an equitable interest in the property they might be entitled to the proceeds of the sale as their interests would appear. An action based on this equitable interest could be brought by intervention in the instant litigation or by an independent action. Whether or not the Sterns are holders of an equitable interest, however, would have to be resolved at a trial.

The first question to be resolved is whether the motion to intervene was timely filed. In this case the motion to intervene was filed after trial and judgment.

Civil Rule 24 provides for intervention as a matter of right, Civ. R. 24 (A), and for permissive intervention, Civ. R. 24 (B). Both Civ. R. 24 (A) and (B) require "timely application" by a prospective intervenor. The issue of timely application provided for in Civ. R. 24 (A) and (B) is a matter to be determined within the trial court's discretion. Even though Civ. R. 24 (A) provides for intervention as a matter of right, the matter of timeliness is a matter within the trial court's discretion.

"Timely application" is not defined in Civil Rule 24.

Hence, a motion to intervene may be granted at any stage of the proceedings within the trial court's discretion. However, courts may require that a motion to intervene be filed within a reasonable time. Unfortunately, the Ohio Civil Rule does not limit the filing of a motion to intervene to any express time. The general rule is that intervention will not be allowed after a final judgment or decree has been entered. While Civil Rule 24 does not make a distinction between intervention before and after final judgment, the rule generally is applied less liberally after the judgment. Thus, a heavy burden is placed on the person seeking intervention after judgment.

If the court determines that denial of the motion to intervene would result in substantial injustice, it must then determine whether the intervenor as a practical matter has another remedy, and whether granting intervention after judgment would unduly prejudice the existing parties to the lawsuit. If the court determines that denial of the motion would result in substantial injustice, and that the prospective intervenor has no practical alternative remedy, and that the original parties would not be unduly prejudiced by granting the motion, the court may grant the motion. In other words, where it is necessary to preserve a person's right which cannot otherwise be protected intervention may be allowed after final judgment.

Based on the allegations of intervenors Sterns' motion they clearly sought to intervene as a matter of right on the ground that they claim an "interest relating to the property or transaction which is the subject of the action". Civ. R. 24 (A).

In reviewing the material submitted by the intervenors Sterns, it is my conclusion that they have not sufficiently demonstrated by operative facts that they are real parties in interest. Also, as to their claim of being lien holders, they have only alleged that they are such and have not submitted any documentation or operative facts that they are in fact lien holders.

If the documentation or operative facts submitted by the intervenors Sterns would demonstrate that they are the real parties in interest or lien holders, I would have been in favor of reversing the trial court's order denying the motion to intervene even though it was filed after judgment.

As to the intervenors' claim of an equitable interest, the material submitted does raise an issue, which would have to be resolved at trial as to whether the Sterns have such an interest. If in fact the Sterns do have an equitable interest and are entitled to recover any of the proceeds received by Likover, an action for recovery could be had either through a timely motion to intervene in this litigation or by an independent action.

Again, in reviewing the material submitted by the Sterns, there is no allegation that they would be prejudiced by being denied intervention in this case and being forced to maintain an independent action against Likover in the event Likover recovers from the city of Cleveland. In addition, the Sterns did not present anything on the record to justify delay in moving to intervene until after judgment.

As a reviewing court, we are only called upon at this time to determine whether the trial court erred in denying the motion to intervene. I cannot say that the trial court abused its discretion as to timeliness in overruling the motion to intervene nor can it be said that the Sterns have shown that they are "so situated that the disposition of the action may as a practical matter impair or impede***[their] ability to protect [their equitable] interest***." Civ. R. 24(A).

It is noted, however, that while this court affirmed the trial court's judgment that the subject property was wrongfully demolished, it reversed the money judgment of $35,500 awarded by the trial court, and remanded the case for a new trial on that issue.

While we are affirming the trial court's denial of the Sterns' motion to intervene, it should be noted that the Sterns still have available two potential methods of seeking relief. The first involves the filing of a new motion to intervene. It has been held that where a judgment is reversed or vacated, and a new trial ordered, applications to intervene are to be determined by the same rules as would obtain as if no judgment had theretofore been rendered. *Holland* v. *Board of Public Instruction* (C.A. 5, 1958), 258 F. 2d 730; *Paine* v. *Copper Belle Min. Co.* (1911), 13 Ariz. 406, affirmed 232 U. S. 595. Thus, the appellants could file a new motion to intervene with the appropriate documentation to support their contentions. In the alternative the Sterns could file an

independent action against Likover, with or without a motion to consolidate with the remanded case.

As to appellants' second assignment of error, it should be noted that findings of fact and conclusions of law are not required upon a motion to intervene. Civ. R. 52.

Based on the foregoing, I would affirm the judgment of the trial court denying the motion to intervene.