### In re STAPLER.

[Cite as *In re Stapler* (1995), 107 Ohio App.3d 528.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68425.

Decided Nov. 27, 1995.

*Daniel F. Lindner,* for appellant Whitecliff Manor Health.

*Alan G. Gelbman,* for appellee Amanda Stapler.

*Earl E. Stapler, pro se.*

*Gallagher, Sharp, Fulton & Norman* and *Timothy Fitzgerald,* for appellee Old Republic Ins. Co.

---

DAVID T. MATIA, Judge.

Whitecliff Manor Health Care Center ("Whitecliff"), appellant, appeals the decision of the Cuyahoga County Probate Court accepting an "agreed judgment entry" on a motion to surcharge the former guardian of Amanda Stapler, an incompetent. Appellant raises three assignments of error concerning the trial court's ruling that appellant's motion to intervene was moot and the trial court's affirmance of a judgment entry prepared by the appointed referee. This court, finding error, reverses the decision of the trial court.

On October 24, 1989, Earl Stapler ("Stapler") was appointed guardian of Amanda Stapler, an incompetent. On that same date, Old Republic Surety Company ("Old Republic") posted a bond for Stapler as guardian for any loss which might occur due to his malfeasance in performing his guardianship duties. At all times pertinent to this opinion, Amanda Stapler was receiving home services from Whitecliff.

On February 16, 1994, Stapler was removed as guardian due to his failure to file a partial account pursuant to R.C. 2109.30. On March 28, 1994, Alan Gelbman was appointed successor guardian of the estate and filed a guardian's bond with the Ohio Casualty Insurance Company. Gelbman subsequently filed a motion to surcharge the former guardian, Stapler, and Old Republic for the outstanding debt of the ward's estate. At that time, the outstanding debt

equalled the amount owed Whitecliff for services rendered. There remains a dispute between the parties as to the total amount due Whitecliff.

On November 14, 1994, a hearing was held before a referee on the motion to surcharge. Present at the hearing were Stapler, Gelbman, Old Republic and a representative for Whitecliff. While there is nothing in the record to establish exactly what occurred at the hearing, Whitecliff claims that the referee would not allow its representative to introduce evidence and ordered the representative to leave the room in violation of R.C. 2109.61. Gelbman claims that appellant's representative was ill-prepared and asked the referee to be excused after becoming frustrated with the proceeding. Old Republic similarly asserts that Whitecliff's representative was ill-prepared and voluntarily left the hearing.

After Whitecliff's representative left the hearing, the parties agreed that Stapler would pay Gelbman a total of $4,200 for the outstanding debt of the ward's estate and for services and expenses incurred by the successor guardian. That same day, the agreement was memorialized in an agreed judgment entry which disposed of the motion to surcharge upon payment by Stapler.

On November 8, 1994, four days later, appellant's attorney filed a motion to intervene and a notice of appearance. On December 22, 1994, the former guardian made the $4,200 payment to the successor guardian as agreed to by the parties. The probate court entered a settlement and dismissal entry on the motion to surcharge and denied appellant's motion to intervene as moot. Appellant timely filed this appeal.

Whitecliff's first assignment of error states:

"I. The trial court erred by ruling that appellant's motion to intervene was moot when it was filed prior to the court's affirmation and approval of the judgment entry prepared by the referee and when Ohio statute provides that the appellant is a proper party to the surcharge action at issue."

Whitecliff argues that the trial court abused its discretion by denying its motion to intervene, which was filed before judgment was entered. Specifically, Whitecliff argues that it was an interested party in the ward's estate and had been injured by the malfeasance of the former guardian, Stapler. Moreover, Whitecliff's attorney filed the motion to intervene in a timely manner, *i.e.*, approximately one month before the probate court affirmed the agreed judgment entry. Finally, Whitecliff argues that its ability to recover from the ward's estate has been impaired by the agreed judgment entry, as the doctrine of *res judicata* would be invoked. For these reasons, Whitecliff argues that the trial court erred in denying its motion to intervene.

Whitecliff's first assignment of error is well taken.

A motion to intervene is governed by Civ.R. 24, which reads:

"(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(B) Permissive intervention. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when the applicant's claim or defense and the main action have a question of law and fact in common. * * *"

The statute under which Whitecliff asserts that it is a necessary party to the motion to surcharge is R.C. 2109.61:

"An action may be prosecuted on the bond of a fiduciary against any one or more of the obligors thereof by any person who has been injured by reason of the breach of any condition of the bond. Such action shall be prosecuted for the benefit of all persons who are interested in the estate and who have been similarly injured. Any such person or any obligor on the bond who is not already a party to the action may intervene therein or be made a party thereto by supplemental, amended, or cross-petition."

■ A decision whether to grant or deny a motion to intervene is left to the sound discretion of the trial court. *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 14 O.O.3d 125, 396 N.E.2d 491; *Brahim v. Ohio College of Podiatric Medicine* (Oct. 15, 1992), Cuyahoga App. No. 63228, unreported, 1992 WL 292232. Absent a showing that the trial court abused its discretion, a reviewing court will not reverse the trial court's decision. *Likover, supra.* The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *In re Adoption of Charles B.* (1990), 50 Ohio St.3d 88, 552 N.E.2d 884; *Young v. Equitec Estate Investors Fund* (1994), 100 Ohio App.3d 136, 652 N.E.2d 234.

■ Initially, we note that the denial of a motion to intervene is a final appealable order and as such is properly before this court. *Likover, supra.* In the case *sub judice*, there is no dispute of these facts: (1) Whitecliff was at no time a party to the motion to surcharge, (2) Whitecliff is a creditor of the ward's estate since it was not paid for services rendered, and (3) Whitecliff timely filed its motion to intervene approximately one month before the probate court entered final judgment.

It has been held that the basis of the alleged right to intervene must be balanced against the trial court's convenience and potential prejudice to the rights of the original parties. *Likover, supra.* In this case we can find no potential for prejudice to the rights of the original parties since all parties agree that Whitecliff is entitled to compensation for services rendered. How much compensation, though, is still a matter in dispute. Moreover, there may be a question existing as to whether the language of the agreed judgment entry would act as a bar to Whitecliff's attempt to recover from the ward's estate.

Given these facts and keeping in mind that Civ.R. 24 is to be liberally construed, we find it unreasonable and impractical for the trial court to deny Whitecliff the opportunity to protect its interest in the ward's estate. See *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010. Civ.R. 24, Staff Notes. The court's failure to permit appellant to intervene in the motion to surcharge constitutes an abuse of discretion.

Appellant's first assignment of error is well taken.

Whitecliff, states as its second and third assignments of error:

"II. The trial court erred by affirming the judgment entry prepared by the referee without conducting an independent review of the law pertaining to said entry.

"III. The trial court erred by affirming the judgment entry prepared by the referee when no copy of said judgment entry was sent to the appellant prior to the trial court's affirmation."

In the interest of judicial economy, an appellate court is not required to consider an assignment of error if the court of appeals considers the assignments moot by reason of its reversal on another assignment. App.R. 12(A)(1)(c). Accordingly, due to this court's disposition of Whitecliff's first assignment of error, the issues raised in its second and third assignments of error have been rendered moot.

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

HARPER, P.J., and O'DONNELL, J., concur.