JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Probate Court Judge John E. Corrigan adopting the report of Magistrate Alan D. Shankman and granting the guardianship application of Tracy McCallum. Charles Blakney claims it was error to conduct a voir dire of an alleged incompetent without witnesses, to allow the joinder of an unnecessary party, and to deny his application for guardianship in favor of Ms. McCallum because she failed to post the required bond. We affirm.
 {¶ 2} From the record we glean the following: In 1997, Blakney and Rosa Mae Bussey, then age fifty-one years, began their five-year relationship when she moved into his home at 536 E. 102nd Street in Cleveland. The home was badly in need of repair and renovation and, because of Blakney's poor credit history and purported desire for Ms. Bussey to have something for herself, he sold her the home and obtained the necessary funds to repair it.
 {¶ 3} Over the course of time, Ms. Bussey's mental state deteriorated and she was eventually diagnosed as suffering from mild to moderate dementia and Alzheimer's disease. Blakney cared for her until September 2001, when Ms. McCallum, Ms. Bussey's daughter, removed her from the home without his knowledge, and then denied him any contact with her mother.
 {¶ 4} Two months after Ms. Bussey had gone, Blakney filed an application for guardianship and, shortly thereafter, Ms. McCallum filed her own application for guardianship.[1]
 {¶ 5} A hearing on both applications took place over several days and was completed in May 2002. In June 2003, a Magistrate's Report granted Ms. McCallum's application upon her posting a $20,000 bond. No objections were filed to his decision, and the Report was adopted by the judge. It is from this entry that Blakney appeals, asserting four assignments of error set forth in the appendix to this opinion.
 VOIR DIRE {¶ 6} Blakney contends that the magistrate erred when he conducted a voir dire of Ms. Bussey without any witnesses or court reporter. A magistrate, like a judge, has broad discretion in determining the competency of a witness to testify because he is in the best position to observe the witness and to determine the witness's understanding of the truth.[2] A finding of competency will only be disturbed on a finding of abuse of discretion.[3]
 {¶ 7} A person conducting a voir dire to determine competency is not chained to a ritualistic formula that asks specific questions.[4] Competency must be established at the trial level, however, in accordance with the elements outlined by the Ohio Supreme Court in State v. Frazier.[5] In determining competency to testify:
 {¶ 8} "[T]he trial court must take into consideration (1)the [presumed incompetent person's] ability to receive accurateimpressions of fact or to observe acts about which he or she willtestify, (2) the [presumed incompetent person's] ability torecollect those impressions or observations, (3) the [presumedincompetent person's] ability to communicate what was observed,(4) the [presumed incompetent person's] understanding of truthand falsity and (5) the [presumed incompetent person's]appreciation of his or her responsibility to betruthful."[6]
 {¶ 9} After conducting the voir dire of Ms. Bussey, the magistrate stated on the record that he believed her incompetent to testify.[7] Blakney has failed to cite, and we have not found, any cases that support the contention that, a judge is required to conduct a voir dire on the record and in the presence of witnesses. Accordingly, this assignment of error lacks merit.
 MOTION TO INTERVENE {¶ 10} Blakney claims it was error to permit Adult Protective Services to intervene in the guardianship action. The decision whether to grant or deny a motion to intervene is left to the sound discretion of the trial judge.[8] Absent evidence of an abuse of discretion, a reviewing court will not reverse that decision.[9]
 {¶ 11} Civ.R. 24 states in pertinent part:
 {¶ 12} "(A) Intervention of right. Upon timely applicationanyone shall be permitted to intervene in an action: (1) when astatute of this state confers an unconditional right tointervene; or (2) when the applicant claims an interest relatingto the property or transaction that is the subject of the actionand the applicant is so situated that the disposition of theaction may as a practical matter impair or impede the applicant'sability to protect that interest, unless the applicant's interestis adequately represented by existing parties.(B) Permissiveintervention. Upon timely application anyone shall be permittedto intervene in an action: (1) when a statute of this stateconfers a conditional right to intervene; or (2) when anapplicant's claim or defense and the main action have a questionof law and fact in common."
 {¶ 13} In March 2002, approximately twelve days after the commencement of the hearing on the guardianship applications, Cuyahoga County Department of Senior and Adult Services, Adult Protective Services (CCDSAS, APS) filed a motion to intervene, citing R.C. 5101.62, which states in pertinent part:
{¶ 14} "The county department of job and family services shallbe responsible for the investigation of all reports provided forin section 5101.61 and all cases referred to it under section5126.31 of the Revised Code and for evaluating the need for and,to the extent of available funds, providing or arranging for theprovision of protective services. * * *
* *
{¶ 15} Upon completion of the investigation, the departmentshall determine from its findings whether or not the adult who isthe subject of the report is in need of protective services. * * *"
 {¶ 16} The basis of the right to intervene is balanced against both trial convenience and any potential prejudice to the rights of the original parties,[10] and Blakney has not alleged or even provided facts to support a claim that he was prejudiced by the intervention of CCDSAS, APS, or supporting rationale that it was not a necessary party.
 {¶ 17} Although filed after the commencement of trial, the motion to intervene clearly set forth CCDSAS, APS's claimed interest under R.C. 5101.62 and, absent any showing of prejudice by Blakney, we cannot say that the magistrate abused his discretion in granting the motion. This assignment of error lacks merit.
 GUARDIANSHIP APPLICATION {¶ 18} Blakney contends that the denial of his application for guardianship was both an abuse of discretion and against the manifest weight of the evidence. He did not object, however, to the magistrate's report and has, therefore, waived any objection on appeal.
 {¶ 19} If a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and a party may not then challenge the judge's adoption of the magistrate's factual findings on appeal.[11] This assignment of error lacks merit.
 FAILURE TO POST A BOND {¶ 20} Blakney asserts that Ms. McCallum's failure to post a bond mandates her removal as guardian and claims she is "in fact not even Guardian, as her Guardianship was contingent upon her posting a bond." Following a limited remand from this court in June 2004, Ms. McCallum's guardianship application was reinstated and she posted the required $20,000 bond, making Blakney's final assignment of error moot.
Judgment affirmed.
APPENDIX A:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT INFAILING TO VOIR DIRE THE ALLEGED INCOMPETENT BEFORE A COURTREPORTER AND ANY WITNESSES.
 II. THE TRIAL COURT COMMITTED A REVERSIBLE AND PREJUDICIALERROR WHEN IT ALLOWED ADULT PROTECTIVE SERVICES TO BE JOINED INAS A PARTY.
 III. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR, ABUSED ITSDISCRETION AND DECIDED CONTRARY TO THE MANIFEST WEIGHT OF THEEVIDENCE WHEN IT DENIED THE APPLICATION OF THE APPELLANT BLAKNEYAND GRANTED THE APPLICATION OF MCCALLUM UPON POSTING BOND OF$20,000.00.
 IV. THE TRIAL COURT COMMITTED A PREJUDICIAL ERROR, ABUSED ITSDISCRETION AND DECIDED CONTRARY TO THE MANIFEST WEIGHT OF THEEVIDENCE WHEN IT DENIED THE APPLICATION OF THE APPELLANT BLAKNEYAND GRANTED THE APPLICATION OF MCCALLUM, AS MCCALLUM, TO DATE,HAS FAILED TO POST THE BOND OF $20,000.00, WHICH WAS ORDEREDPOSTED BY THE COURT.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., And Kilbane, P.J.*, Concur.
* Judge Anne L. Kilbane concurred in this Journal Entry and Opinion prior to her death on November 23, 2004.
(The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. See State v. Pembaur (1982),69 Ohio St.2d 110.)
[1] Both applications were for both the estate and the person of Ms. Bussey.
[2] State v. Swarstell, (August 25, 2003), Butler App. No. CA2002-06-151, 2003-Ohio-4450; State v. Clark,71 Ohio St.3d 466, 1994-Ohio-43, 644 N.E.2d 331.
[3] Clark, 71 Ohio St.3d at 469.
[4] State v. Swartsell (August 25, 2003), Butler App. No. CA 2002-06-151, 2003-Ohio-4450.
[5] (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed2d 629.
[6] State v. Swartsell, 2003-Ohio-4450, at ¶ 12, citingFrazier, supra.
[7] Tr. at 175.
[8] Likover v. Cleveland (1978), 60 Ohio App.2d 154,396 N.E.2d 491; Brahim v. Ohio College of Podiatric Medicine,(Oct. 15, 1992), Cuyahoga App. No. 63228.
[9] Likover, supra.
[10] Likover, 60 Ohio App.2d at 158-159.
[11] Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60,66, 663 N.E.2d 690.