DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, Juvenile Division, denying leave to intervene to maternal grandparents in a custody suit initiated by the paternal grandmother of four children.
 {¶ 2} Appellee, Lucas County Children Services Board ("LCCSB"), removed Aasiyah, Jurry, Aneesah and Tahlil T. from the unheated travel trailer they shared with their parents, Jurry and Tauheeedah T, after the death of a younger sibling. The children were suffering from various conditions as a result of medical and nutritional neglect.
 {¶ 3} The details of the case that followed the children's removal are not clear. It appears that LCCSB initiated a dependency action and was awarded temporary custody of the children. LCCSB placed the children with their paternal grandmother, appellee Katie V., in mid-November 2003. On December 5, 2003, appellee Katie V. initiated the present action seeking custody of her four grandchildren.
 {¶ 4} Following a hearing, the court awarded appellee grandmother temporary custody, appointed a guardian ad litem for the children and ordered LCCSB joined as a party. Trial on the custody petition was scheduled for June 14, 2004.
 {¶ 5} On May 26, 2004, the children's maternal grandparents, appellants Haneef and Janice R., moved to intervene in the case so that they might advance their own petition for custody. On June 14, 2004, the court denied appellant's motion to intervene. From this order, appellants now bring this appeal. In a single assignment of error, appellants maintain that the trial court abused it discretion when it denied their intervention.
 {¶ 6} Appellants are not within the scope of parties as defined by Juv.R. 2(Z). They are not the children's parents or spouse, nor are they the children's custodian, guardian, guardian ad litem, nor have they obtained any other legal rights to custody. Consequently, they are not individuals who have a right to intervene pursuant to Civ.R. 24(A). SeeIn re Schmidt (1986), 25 Ohio St.3d 331, 336.
 {¶ 7} The decision to grant permissive intervention, pursuant to Civ.R. 24(B), rests within the sound discretion of the court and will not be overturned absent an abuse of that discretion. In re Stapler (1995),107 Ohio App.3d 528, 531. An abuse of discretion is more than an error of law or of judgment, the term connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. In re adoption of CharlesB. (1990), 50 Ohio St.3d 88, 94.
 {¶ 8} The decision of the magistrate, which was adopted by the court, concluded that the delay engendered should the court grant appellee's motion to intervene would be detrimental to the children.[1] In hindsight, we can see that the delay implicated in granting intervention would likely have been less than this appeal. Notwithstanding this, we must view the court's decision in the context of the time it was made. In that respect, we cannot conclude that the court's order was arbitrary, unreasonable or unconscionable. Accordingly, appellants' sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellants pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Concur.
[1] The magistrate alternatively concluded that appellants were not entitled to intervene because their complaint in intervention failed to allege parental unsuitability. Although the parties devote substantial energy to argument on this, we need not resolve the issue because the magistrate's alternative rationale is sufficient to support the court's decision.