OPINION
{¶ 1} Defendants Interveners-Appellants Mortgage Electronic Registration Systems, Inc. and Flagstar Bank, F.S.B. [hereinafter "appellants"] appeal from the November 16, 2004, Entry of the Fairfield County Court of Common Pleas denying their Motion to Intervene.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee Rawn Greenman held fee simple title to specific property by virtue of a warranty deed that was recorded in 1978. Appellee Rawn Greenman encumbered the property with a mortgage given to Fairfield Mortgage Company that was recorded in December of 1996 and, in 2000, was assigned to The Bank of New York.
 {¶ 3} Pursuant to a quit claim deed that was recorded on May 1, 2003, appellee Rawn Greenman conveyed the subject property to appellee John Greenman, his son. The deed was notarized by Laura Salyer on March 6, 2003. After the execution of the quit claim deed, appellee John Greenman, on April 21, 2003, executed a promissory note in favor of Jordan West Co. in the amount of $153,000.00. Appellant Flagstar Bank is the current holder of the note. To secure the note, appellee John Greenman encumbered the property with a mortgage in the amount of $153,000.00 given to appellant Mortgage Electronic Registration Systems, Inc. as nominee for Jordan West Inc.
 {¶ 4} Thereafter, on October 17, 2003, appellee Rawn Greenman filed a complaint for declaratory judgment, to quiet title to real estate and for other relief against appellee John Greenman. Appellee Rawn Greenman, in his complaint, argued, in part, that the quit claim deed recorded on May 1, 2003, conveying the subject property to appellee John Greenman, his son, was defectively executed and void "as the grantor's signature thereon was not made or acknowledged in the presence of a notary public, . . .". Appellee Rawn Greenman further alleged that appellee John Greenman had fraudulently conveyed the subject property to himself. Appellee Rawn Greenman sought a declaratory judgment under both Civ. R. 57 and R.C. Chapter 2721 that he was the owner of the subject property.
 {¶ 5} Pursuant to an Agreed Judgment Entry that was filed on February 6, 2004, and was signed by the trial court, appellees agreed that appellee John Greenman did not have any interest in the subject property and that the subject property was "legally, equitably and solely" owned by appellee Rawn Greenman. The parties further agreed that the quit claim deed from appellee Rawn Greenman to appellee John Greenman was defectively executed and thus null and void and that any liens on the property due to appellee John Greenman's actions were to be released as null and void.
 {¶ 6} Subsequently, on September 21, 2004, appellants filed a Motion for Leave to Intervene pursuant to Civ. R. 24 so that they "may properly assert their rights and protect their assets." Appellants, in their motion, alleged that they had learned of the case sub judice during the course of a foreclosure action filed by appellant Flagstar Bank against appellee John Greenman. Appellants, in their motion, argued that the Agreed Judgment Entry voided their mortgage lien upon the subject property without notice to them so that they could protect their interest in the property. In short, appellants argued that they had a mortgage on the subject property and were entitled to intervene in the declaratory judgment action filed by appellee Rawn Greenman against appellee John Greenman. Appellants further indicated that they intended to file a Motion to Vacate the Agreed Entry.
 {¶ 7} Pursuant to an Entry filed on November 16, 2004, the trial court denied appellants' Motion to Intervene, stating, in relevant part, as follows:
 {¶ 8} "The Court begins by noting that Movants have filed a Complaint for the amount of the indebtedness on the real estate naming both Plaintiff and Defendant in this case as parties, in Mortgage ElectronicRegistration, Inc. v. Greenman, Case No. 04CV215. The Court further notes that the interests that Movants took in the real estate that is the subject matter of this case was only as valid as the interests that John Greenman had when he obtained that mortgage. Here, the Court found that John Greenman had no interest in the property and that any liens on the property due to John Greeman's actions were void. Thus, since John Greeman had no valid interest in the property, neither did any subsequent lien holder. Since Movants have no interest in the real estate here, Civ. R. 24(A)(2) does not give them a right to intervene. Nor does this Court believe that permissive intervention should be granted."
 {¶ 9} Appellants now raise the following assignments of error on appeal:
 {¶ 10} "I. IN THE ENTRY FILED ON NOVEMBER 16, 2004, THE TRIAL COURT ERRED IN HOLDING THAT INTERVENERS ARE NOT ENTITLED TO INTERVENE IN THE DECLARATORY JUDGMENT ACTION AS A MATTER OF RIGHT UNDER CIV. R. 24(A)(2).
 {¶ 11} "II. IN THE ENTRY FILED ON NOVEMBER 16, 2004, THE TRIAL COURT ERRED IN HOLDING THAT INTERVENERS ARE NOT ENTITLED TO PERMISSIVELY INTERVENE IN THE DECLARATORY JUDGMENT ACTION UNDER CIV. R. 24(B)."
 I {¶ 12} Appellants, in their first assignment of error, argue that the trial court erred in denying their Motion to Intervene in the declaratory judgment action filed by appellee Rawn Greenman against appellee John Greenman. Appellants specifically contend that they were entitled to intervene as a matter of right under Civ. R. 24(A)(2). We agree.
 {¶ 13} However, before addressing the merits of this appeal, we must first determine whether or not the denial of the motion to intervene is a final appealable order. "A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order."General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17, 540 N.E.2d 266, at paragraph two of the syllabus. A denial of a motion to intervene has been held to affect a substantial right. See Likover v. Cleveland (1978), 60 Ohio App.2d 154, 155,396 N.E.2d 491 and Fairview Gen. Hosp. v. Fletcher (1990),69 Ohio App.3d 827, 591 N.E.2d 1312. We find, therefore, that the order denying appellants' Motion to Intervene is a final appealable order.
 {¶ 14} Civ. R. 24 provides, in relevant part, as follows: "(A) Intervention of right upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 15} The standard of review for a Civ. R. 24(A)(2) motion for intervention as a matter of right is abuse of discretion. Meyers v.Basobas (1998), 129 Ohio App.3d 692, 696, 718 N.E.2d 1001. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
 {¶ 16} In order for a party to intervene as a matter of right under Civ. R. 24(A), the following standards must be met: 1) the intervenor must claim an interest relating to the property or transaction that is the subject of action; 2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; 3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and 4) the motion to intervene must be timely. Classic Properties, Inc. v. Bd. of Trustees of GoshenTownship, Clermont App. No. CA2001-05-051, 2002-Ohio-287 at 2.
 {¶ 17} "Failure to meet any one of the elements in Civ. R. 24(A) will result in denial of the right to intervene." Id. at 2, citing FairviewGen. Hosp. v. Fletcher (1990), 69 Ohio App.3d 827, 831,591 N.E.2d 1312.
 {¶ 18} In the case sub judice, appellants, who claimed an interest in the subject property via their mortgage on the same, specifically sought to intervene after the Agreed Entry terminating the case sub judice was filed. "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." State ex rel. First New Shiloh BaptistChurch v. Meagher, 82 Ohio St.3d 501, 504, 1998-Ohio-192, 696 N.E.2d 1058. However, intervention after final judgment should be granted where "the intervenor has no other alternative remedy" and intervention is the only way to protect the intervenor's rights. Fitzpatrick v. Fitzpatrick
(1998), 126 Ohio App.3d 476, 482, 710 N.E.2d 778 at fn. 1, citingLikover v. Cleveland (1978), 60 Ohio App.2d 154, 159, 396 N.E.2d 491.
 {¶ 19} In the case sub judice, we find that since appellants claim to have a valid mortgage on the subject property, they have established a sufficient interest in the same to be granted leave to intervene under Civ. R. 24(A)(2). Appellants timely filed their Motion to Intervene once they learned of the case sub judice. Furthermore, we find that, even though final judgment was entered in this case, appellants have a right to intervene as a matter of law since their interest was not adequately represented by appellees who acted in concert to void appellant's mortgage, they have no other viable alternative remedy and intervention in the case sub judice is the only way to protect their interest.[1] If appellants are not permitted to intervene in the declaratory judgment action, they will be left with an unsecured note rather than a note secured by a mortgage.
 {¶ 20} Based on the foregoing, we find that the trial court erred in denying appellant's Motion to Intervene.
 {¶ 21} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 22} Based on our disposition of appellants' first assignment of error, appellants' second assignment of error is moot.
 {¶ 23} Accordingly, the judgment of the Fairfield County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J. Boggins, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is reversed and this matter is remanded for further proceedings. Costs assessed to appellees.
[1] In Owens v. Wright (Feb. 18, 1993), Cuyahoga App. No. 64031, 1993 WL 39926, John Wright purchased property formerly owned by Kermit Owens at a sheriff's foreclosure auction. After Wright filed a forcible entry and detainer action against him, Owens was evicted from the property. Wright then sold the same to Creamola Birkett.
Owens then filed an action in ejectment against Wright, alleging that he still owned the subject property. Owens obtained a writ of possession after Wright did not answer and also obtained an order to evict the occupants. After receiving notice of Owens' actions, Creamola Birkett was granted leave to intervene under Civ. R. 24(A).
On appeal, the court held that since Birkett had a legally cognizable interest in the property due to her ownership of the same and since such interest "was not adequately represented by the parties", she had a right to intervene as a matter of law even though final judgment had been entered in the case.