Judgment reversed<br>
and final judgment entered.

HILDEBRANDT, P.J., and DINKELACKER, J., concur.

---

NORTH SIDE BANK AND TRUST COMPANY, Appellant,

v.

PERFORMANCE HOME BUYERS, L.L.C., et al., Appellees.

[Cite as *N. Side Bank & Trust Co. v. Performance Home Buyers, L.L.C.*, 181 Ohio App.3d 344, 2009-Ohio-1277.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22900.

Decided March 13, 2009.

Jay R. Langenbahn, for appellant.

GRADY, Judge.

{¶ 1} This is an appeal from a judgment of the court of common pleas that denied a motion to join persons as defendants in an action pursuant to Civ.R. 20(A).

{¶ 2} On November 8, 2006, the trial court granted a judgment in case No. 06–8849 in favor of plaintiff North Side Bank and Trust Company ("North Side") for breach of cognovit notes, on a confession of judgment filed by defendants Performance Home Buyers, L.L.C., and J–Port, Inc. The judgment was for $2,196,016.95 and $29,927.65, plus interest, costs, and attorney fees, the full relief North Side sought in the complaint it filed.

{¶ 3} On February 7, 2007, North Side filed a notice of assignment of judgment in case No. 06–8849, stating that it had assigned in full its rights under the November 8, 2006 judgment to Hank and Linda Richardson, d.b.a. Richardson properties (the "Richardsons").

{¶ 4} On April 11, 2008, North Side filed a motion for reassignment of judgment in case No. 06–8849, asking the court to reassign to North Side the rights in the judgment that North Side had assigned to the Richardsons. North Side explained that it had assigned its rights to the Richardsons when it sold them the notes on which the judgment against Performance Home Buyers,

L.L.C., and J–Port, Inc., was granted, along with mortgages securing those notes, and that upon the Richardsons' subsequent default, North Side obtained a judgment against the Richardsons in Hamilton County and took possession of the notes and mortgages concerned. In an attached affidavit, North Side's attorney alleged that the Richardsons were preventing North Side from collecting rents due from tenants of the real properties concerned.

{¶ 5} The trial court denied North Side's motion for reassignment, finding that because the Richardsons were not parties to the action, the court lacked personal jurisdiction over the Richardsons necessary to determine their rights. North Side then moved to join the Richardsons as defendants in the action pursuant to Civ.R. 20(A). That rule provides:

{¶ 6} "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded."

{¶ 7} The trial court denied North Side's motion for joinder, stating:

{¶ 8} "Upon written motion and for good cause shown, it is hereby ORDERED that Plaintiff's Motion for Joinder is DENIED. The Court finds that a joinder of Hank Richardson and Linda Richardson, dba Richardson Properties ('Richardsons') as party defendants in this action at this time would deny the Richardsons (the Plaintiff uses the criminal term 'assault' in its complaint) their right to due process."

{¶ 9} This appeal followed.

## ASSIGNMENT OF ERROR

■ {¶ 10} "A trial court fails to perform its function when it denies procedural motions for irrelevant, non-existent or imaginary reasons, which requires the court of appeals to grant the relief sought."

{¶ 11} North Side argues that the trial court abused its discretion when it denied North Side's joinder motion for the reason it did, because "assault" was not an issue on the action in which North Side obtained a judgment.

■ {¶ 12} Whether to grant or deny a motion for permissive joinder pursuant to Civ.R. 20(A) is a matter committed to the sound discretion of the trial court. Therefore, we may reverse an order granting or denying joinder only upon a finding that the trial court abused its discretion. " ' "Abuse of discretion" [has been defined as an] attitude [that] is unreasonable, arbitrary, or unconscion-

able.' " *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248, quoting *Steiner v. Custer* (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph two of the syllabus. "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.

{¶ 13} We agree with the trial court that it cannot adjudicate the Richardsons' rights with respect to the reassignment of the judgment North Side requested unless the Richardsons are made parties to the action. The requested "reassignment" relates to the notice of assignment of judgment that North Side filed, and, presumably, would nullify that notice of assignment.

{¶ 14} "A judgment may be assigned by the judgment creditor to any person unless prohibited by statute. The assignment operates to convey all property rights to the portion of the judgment assigned to the assignee, who is entitled to enforce it." Markus, Trial Handbook for Ohio Lawyers (2005 Ed.), Section 39:40.

{¶ 15} Because a judgment is a form of account, chattel paper, or promissory note, its assignment by sale is a secured transaction. R.C. 1309.109(A)(3). The judgment debtor may discharge the obligation by payment to the assignor unless and until the debtor receives notice of the assignment from the assignor or the assignee, and thereafter the debtor cannot discharge the obligation by paying the assignor. R.C. 1309.406(A).

{¶ 16} The sole object of the required notice when a judgment is assigned is to put the judgment debtor on guard and afford him an opportunity to protect himself. 64 Ohio Jurisprudence 3d, Judgments, Section 738. The filing of a written notice with the clerk of the court that entered the judgment and the entry of the notice on the appearance docket of the court has been held insufficient to constitute notice to others of the assignment. *Miller v. Baltimore & Ohio RR. Co.* (1899), 60 Ohio St. 374, 54 N.E. 369.

{¶ 17} At oral argument, counsel for appellant North Side contended that the "reassignment" the North Side requested the court to order would protect North Side against payments by or on behalf of the judgment debtors, Performance Home Buyers, L.L.C., and/or J–Port, Inc., to the Richardsons instead of to North Side, by reason of the prior notice of assignment that North Side filed. To obtain the reassignment, North Side moved to join the Richardsons as defendants, pursuant to Civ.R. 20(A).

{¶ 18} Civ.R. 20(A) permits joinder of persons "in one action as defendants." An action is commenced by filing a complaint, if service is obtained within one year. Civ.R. 3(A). The action terminates upon a final judgment on the claims for relief pleaded in the action. A final judgment is an order that

affects a substantial right in the action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1).

{¶ 19} The judgment for North Side and against Performance Home Buyers, L.L.C., and J-port, Inc., that the court granted on November 8, 2006, in case No. 06-8849 is a final judgment that terminated the action North Side filed. However, that does not necessarily bar the relief of joinder that North Side requested.

{¶ 20} Civ.R. 24 authorizes persons to apply to "intervene in an action" as a party. We have held that Civ.R. 24 permits intervention after a final judgment is entered. *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d 707, 600 N.E.2d 309. In that circumstance, the trial court abuses its discretion in denying the motion to intervene when the intervenors lack alternative remedies to obtain the relief available to the movant as a party to the action. *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 14 O.O.3d 125, 396 N.E.2d 491.

{¶ 21} While intervention and joinder are functionally distinct, they create similar results when ordered; persons who previously were not parties to an action become parties. Therefore, relying on *Passmore* and *Likover,* we conclude that joinder may be ordered after judgment is entered, and that a trial court abuses its discretion if it denies such a request when the party seeking joinder lacks alternative remedies to obtain the relief for which joinder is requested.

{¶ 22} An assignment is a transaction between private persons. Therefore, it is questionable whether the trial court could order the reassignment North Side wants. The court could vacate the notice of assignment that North Side filed, which would have the same result. To obtain that relief, North Side would have the burden to demonstrate that North Side is entitled to it. To first obtain the joinder it requested, North Side must show that it lacks alternative remedies to obtain that relief.

{¶ 23} The immediate issue, however, is whether the trial court abused its discretion when it denied North Side's Civ.R. 20(A) motion to join the Richardsons as parties in the action. We hold that the trial court did, because the court's stated reason, that joinder could expose the Richardsons to criminal liability for assault, finds no support in the record.

{¶ 24} The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings on North Side's motions.

*Judgment reversed
and cause remanded.*

DONOVAN, P.J., and BROGAN, J., concur.