ROKAKIS, Appellee,

v.

MARTIN et al.; Hinckley Roofing, Inc., Appellant.

[Cite as *Rokakis v. Martin,* 180 Ohio App.3d 696, 2009-Ohio-369.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92124.

Decided Jan. 29, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Colleen Majeski, Assistant Prosecuting Attorney, for appellee James Rokakis.

Scott M. Deliman, for appellant.

Joanne E. Martin, pro se.

COLLEEN CONWAY COONEY, Administrative Judge.

{¶ 1} Appellant, Hinckley Roofing, Inc. ("Hinckley"), appeals the trial court's denial of its motion to intervene. Finding merit to the appeal, we reverse and remand.

{¶ 2} This matter arises from a tax foreclosure action instituted by James Rokakis, as Treasurer of Cuyahoga County, in December 2003 against Joanne Martin, her unknown spouse, and Greenwood Trust Company ("Greenwood") for the collection of delinquent taxes on Martin's home ("the subject property").[1] After a hearing, the magistrate entered a decision granting foreclosure on the subject property in May 2006.

{¶ 3} On June 14, 2006, the court adopted the magistrate's decision, entering a judgment of foreclosure and ordering a sheriff's sale of the subject property. While the foreclosure action was pending, Hinckley filed a mechanic's lien for $8,075 on July 18, 2006, because Martin had not paid Hinckley for roof repairs it had completed on the subject property.[2]

{¶ 4} The subject property was eventually sold at a sheriff's sale in February 2007 for $97,000. The trial court confirmed the sale in March 2007, awarding a total of $25,673.61 to the county for tax delinquencies and costs. In July 2008, Hinckley moved to intervene so it could assert its mechanic's lien against the proceeds from the sale of the subject property that were on deposit with the court ($70,256.49). The court denied Hinckley's motion, stating that "[t]he case has been closed for more than two years."

{¶ 5} Hinckley appeals, raising one assignment of error for our review, in which it argues that the trial court erred in denying its motion to intervene.

---

1. Along with its complaint, the county filed a preliminary judicial report. According to the report, the only lien on the subject property at that time was obtained by Greenwood in March 2001 for $3,123.26.

2. Hinckley worked on Martin's roof from June 7 to 9, 2006.

{¶ 6} A trial court's decision to grant or deny a motion to intervene is reviewed for an abuse of discretion. *In re Stapler* (1995), 107 Ohio App.3d 528, 531, 669 N.E.2d 77. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 7} Hinckley argues that it is entitled to intervention of right under Civ.R. 24(A)(2), which provides as follows:

Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property * * * that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest * * *.

{¶ 8} Hinckley, relying on *Sharp v. Kuhn* (Oct. 4, 1978), Fayette App. No. 78 CA 10, 1978 WL 216347, maintains that the court erred in denying its motion to intervene because its lien existed prior to the foreclosure sale, and the sale proceeds are still in the custody of the court. We agree.

{¶ 9} In *Sharp*, James and Juanita Sharp instituted a foreclosure action against Phillip and Nancy Kuhn. While this foreclosure action was pending, the Kuhns executed another mortgage with the appellant, Heinold Hog Market, Inc. ("Heinold"). This mortgage was recorded the same day as the filing of a judgment entry authorizing a sheriff's sale of the property. Heinold moved to intervene before the property was sold. The trial court denied this motion, and Heinold appealed.

{¶ 10} On appeal, the *Sharp* court addressed whether a junior lienholder (Heinold) could intervene and become a party in the proceedings when it has an interest relating to the subject property. The *Sharp* court found that Heinold had a right to intervene under Civ.R. 24(A), stating that "[a] lien claimant has a right to be made a party and to establish his interests in the proceeds of sale of the subject real estate as long as the proceeds of sale are in the custody of the court." Id., 1978 WL 216347, at *4.

{¶ 11} The *Sharp* court also noted that "[a] prior encumbrancer is a necessary party where a sale of the entire property * * * is desired upon the foreclosure of a mortgage; this is requisite in order that the amount of the prior encumbrance may be ascertained and paid out of the proceeds of the sale and in order that the purchaser may be thus protected." Furthermore, "[a] lienholder may be made a party after the sale in order that he may participate in the distribution." Id. at *3, citing 37 Ohio Jurisprudence 2d (1959) 533.

{¶ 12} In the instant case, the record reveals that Hinckley protected its interest by recording a mechanic's lien approximately one month after its services were rendered in June 2006. This was after the foreclosure was granted, but prior to the sale of the subject property.[3]

{¶ 13} Then, in February 2007, the subject property was sold at a sheriff's sale for $97,000. The trial court confirmed the sale of the subject property in March 2007.

{¶ 14} Hinckley claims that "[o]n July 11, 2008, after learning of the foreclosure sale and the existence of proceeds, [it] filed a motion [to intervene] * * * to assert a claim against the proceeds in satisfaction of its lien." However, the trial court denied the motion, erroneously stating that "[t]he case has been closed for more than two years." [4]

{¶ 15} As of July 2007, the court's docket reflects that $70,256.40 from the proceeds of the sheriff's sale was on deposit with the court. Since Hinckley protected its interest by filing a lien, and the proceeds from the sheriff's sale are still on deposit with the court, we find that Hinckley should have been allowed to intervene and assert its mechanic lien against the $70,256.40 being held by the court. *Sharp*, 1978 WL 216347.[5] Thus, we find that the court abused its discretion in denying Hinckley's motion to intervene.

{¶ 16} Accordingly, the sole assignment of error is sustained.

Judgment reversed
and cause remanded.

JAMES J. SWEENEY and JAMES D. SWEENEY, JJ., concur.

JAMES D. SWEENEY, J., retired, of the Eighth District Court of Appeals, sitting by assignment.

---

3. We note that the record contains a preliminary judicial report, but is devoid of a final judicial report, which should have included Hinckley's lien.

4. The final judgment was entered in March 2007, 16 months prior to the filing of Hinckley's motion to intervene.

5. See also *Bates v. Postulate Invests., L.L.C.*, 176 Ohio App.3d 523, 2008-Ohio-2815, 892 N.E.2d 937, and *Estate of Williams v. Deutsche Bank Trust Co. Am.*, Cuyahoga App. No. 90967, 2008-Ohio-3981, 2008 WL 3126167, where this court stated that a party with an "interest" should intervene in the existing action, rather than improperly instituting an entirely separate proceeding.