[Cite as *JPMorgan Chase Bank, NA v. Pellin*, 2012-Ohio-1151.]
STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

JPMORGAN CHASE BANK, N.A.  ) CASE NO. 10 MA 179
)
     PLAINTIFF-APPELLEE ) 
)
VS. ) OPINION
)
VANESSA PELLIN, et al. )
)
     DEFENDANTS-APPELLANTS )

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 06 CV 300

JUDGMENT:     Reversed.

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

        Dated: March 16, 2012

[Cite as *JPMorgan Chase Bank, NA v. Pellin*, 2012-Ohio-1151.]
APPEARANCES:

For J.P.Morgan Chase Bank, N.A.

Atty. Thomas R. Merry
Atty. James H. Cannon
Barren & Merry
110 Polaris Parkway, Suite 302
Westerville, Ohio  43082

For American Tax Funding:

Atty. John N. Zomoida, Jr.
Anthony & Zomoida, LLC
Town One Square
40 S. Main Street
Poland, Ohio  44514

For State of Ohio, Dept. of Taxation:

Atty. Michael DeWine
Attorney General of Ohio
Atty. Amy Kaufman
Assistant Ohio Attorney General
Collections Enforcement Section
150 E. Gay Street, 21st Floor
Cleveland, Ohio  43215

For Vanessa Pellin, Pellin Emergency Serv., Inc. and R and V Leasing Corp.:

Atty. Howard E. Mentzer
Mentzer and Mygrant, Ltd
1 Cascade Plaza, Suite 1145
Akron, Ohio  44308

For Richard M. Pellin, Sr.:

Atty. Michele L. McBride
Atty. Leonard D. Schiavone
Friedman & Rummell Co., L.P.A.
City Centre One, Suite 300
100 E. Federal Street
Youngstown, Ohio  44503

For United States of America:

Atty. Kent W. Penhallurick
400 United States Courthouse
801 W. Superior Avenue
Cleveland, Ohio  44113

For Receiver:

Atty. Jason Butterworth
Atty. Ronald N. Towne
Brennan, Manna & Diamond, LLC
75 E. Market Street
Akron, Ohio  44308

[Cite as *JPMorgan Chase Bank, NA v. Pellin*, 2012-Ohio-1151.]

For Med Corp., Inc.:

Atty. J. Gerald Ingram
7330 Market Street
Youngstown, Ohio  44512

Atty. J. Jeffery Lowenstein
745 Medcorp. Drive
Toledo, Ohio  43608

For Vanessa Pellin:

Vanessa Pellin, Pro se
10808 Akron-Canfield Road
Ellsworth, Ohio  44416

[Cite as *JPMorgan Chase Bank, NA v. Pellin*, 2012-Ohio-1151.]
WAITE, P.J.

{¶1} Appellant American Tax Funding LLC ("ATF") appeals the judgment of the Mahoning County Court of Common Pleas overruling a motion to intervene in a foreclosure action. In the underlying case, JPMorgan Chase Bank, NA ("JPM Chase") commenced a foreclosure action on January 25, 2006, against property located at 10808 Akron-Canfield Road in Mahoning County. ATF held delinquent tax certificates on the property that it had purchased from the Mahoning County Treasurer pursuant to R.C. 5721.33. JPM Chase did not name ATF as a party in the foreclosure action. ATF filed a motion to intervene on April 19, 2006. The trial court did not rule on the motion. On July 28, 2010, ATF refiled the motion. On September 15, 2010, a magistrate overruled the motion to intervene. On September 24, 2010, AFT filed a motion to set aside the magistrate's order. On November 9, 2010, the trial court overruled the motion to set aside the magistrate's order, and this appeal followed. The trial court should have allowed ATF to intervene based on its interest in the property arising from the delinquent tax certificates. The judgment of the trial court is reversed.

{¶2} No Appellee's brief has been filed in this appeal. Under App.R. 18(C), the failure of Appellee to file a brief allows us to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

ASSIGNMENT OF ERROR

**{¶3}** The trial court erred by denying American Tax Funding, LLC's Motion to Intervene.

**{¶4}** We note at the outset that a denial of a motion to intervene is a final appealable order. *Likover v. Cleveland*, 60 Ohio App.2d 154, 155, 396 N.E.2d 491 (1978); *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 591 N.E.2d 1312 (1990).

**{¶5}** Civ.R. 24 governs the circumstances and procedure for a person to intervene in a civil action. A party may intervene as a matter of right if it has "an interest relating to the property or transaction that is the subject of the action". Civ.R. 24(A)(2). The rule is to be liberally construed in favor of intervention. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 534, 696 N.E.2d 1079 (1998). Requests to intervene are reviewed under Civ.R. 24 for abuse of discretion. *State ex rel. Cardinal Joint Fire Dist. v. Canfield Twp.*, 7th Dist. No. 03 MA 67, 2004-Ohio-5526, ¶29. In order to find an abuse of discretion, the appellate court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶6}** A lienholder generally has a right to intervene in a foreclosure action. *Rokakis v. Martin*, 180 Ohio App.3d 696, 2009-Ohio-369, 906 N.E.2d 1200 (8th Dist.); *McKesson Medical-Surgical Minnesota, Inc. v. Medico Med. Equip. & Supplies*, 8th Dist. No. 84912, 2005-Ohio-2325; *Sharp v. Kuhn*, 12th Dist. No. 78 CA 10, 1978

WL 216347 (Oct. 4, 1978). In this particular case, Appellant became a lienholder by purchasing delinquent tax certificates. A county treasurer is permitted to sell delinquent tax certificates under the rules set forth in R.C. 5721.30 to 5721.43. Almost anyone, except for the landowner owing the delinquent tax, may purchase the tax certificates. R.C. 5721.32(J); 5721.33(E)(3). The sale of the tax certificate also transfers a tax lien: "the superior lien of the state and its taxing districts for those taxes, assessments, penalties, and interest is conveyed intact to the certificate holder." 87 Ohio Jurisprudence 3d, Taxation, Section 700, at 172 (2000); *see also* R.C 5721.35(A). Thus, an owner of delinquent tax certificates, as the superior lienholder, has a right to intervene in a foreclosure action. Because Appellant could intervene as a matter of right in the foreclosure action, it was an abuse of discretion to overrule the motion to intervene. There are no arguments on appeal opposing Appellant's assignment of error and the record establishes the validity of the argument. Therefore, the assignment of error is sustained and the judgment of the trial court is reversed.

Donofrio, J., concurs.

Vukovich, J., concurs.