[Cite as *Hinton v. Masek*, 2014-Ohio-2890.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ALAN HINTON, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0110** |
| RAYMOND MASEK, ESQ., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 02788.

Judgment: Affirmed.

*Alan Hinton,* pro se, 278 Crandall Avenue, Youngstown, OH 44504 (Appellant).

*Matthew T. Norman* and *Alan M. Petrov,* Gallagher, Sharp, Fulton & Norman, Sixth Floor, Bulkley Building, 1501 Euclid Avenue, Cleveland, OH 44115-2108 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Alan Hinton, appeals from the judgment of the Trumbull County Court of Common Pleas, granting appellee, Raymond Masek, Esq., summary judgment. At issue is whether the trial court erred in entering judgment against appellant for his failure to enlist an expert to establish his claim for legal malpractice. We affirm the judgment of the trial court.

**{¶2}** Trinity Highway Products, LLC, employed appellant between August 1993 and January 2012, most recently as a "kettle helper." Appellant's duties as a kettle helper included cleaning a large kettle filled with molten zinc and assisting the "kettleman." On January 25, 2012, appellant's supervisor instructed him to clean the kettle on two separate occasions. Appellant stated he would not clean the kettle and admitted he intentionally left the kettle dirty because a co-worker left the kettle dirty for his shift. Appellant was subsequently terminated for insubordination. Appellant filed a grievance regarding his termination. Appellant's union recommended that appellant enter into a last chance agreement with Trinity; appellant rejected the advice and the termination was upheld.

**{¶3}** In February 2012, appellant retained appellee to pursue a potential claim for age discrimination against Trinity. The parties entered into a fee agreement for legal services and, on March 26, 2012, appellee filed a complaint on appellant's behalf against Trinity in the Trumbull County Court of Common Pleas, alleging appellant was terminated due to his age, in violation of R.C. Chapter 4112. Trinity subsequently filed a notice of removal to federal court. As a result, in May 2012, the case was removed to the United States District Court, Northern District of Ohio.

**{¶4}** Through August 2012, appellee, on behalf of appellant, and Trinity engaged in settlement negotiations. The negotiations culminated in an August 21, 2012 oral agreement to settle appellant's claim. The terms of the settlement required Trinity to pay appellant $7,000 in exchange for his dismissal of the case and release of all claims against Trinity. When appellee advised appellant a settlement had been reached, appellant objected to the terms of the agreement, claiming he did not authorize appellee

2

to settle the matter. Despite appellant's protests, Trinity sought to enforce the agreement.

{¶5} Due to appellee's and appellant's disagreement over appellee's authority to settle the case, the trial court granted appellee's motion to withdraw as appellant's counsel. Appellant continued pro se in the Trinity litigation and the trial court ultimately denied Trinity's motion to enforce the settlement agreement. The case proceeded on the merits and, ultimately, the district court entered summary judgment in Trinity's favor.

{¶6} Meanwhile, on December 14, 2012, appellant filed a pro se complaint against appellee for legal malpractice. The complaint alleged appellee was retained to represent appellant in the Trinity litigation, but failed to effectively do so and, eventually, appellee withdrew as appellant's counsel. In January 2013, appellee filed an answer and counterclaim. Appellee denied any wrongdoing and further sought recovery of unpaid legal fees. The trial court entered an order setting forth a litigation schedule according to which appellant was required to disclose any experts and their reports by July 11, 2013. Appellant failed to meet this deadline. And, on September 3, 2013, appellee filed his motion for summary judgment.

{¶7} In late September and early October 2013, appellant filed various letters and other documents which, in his view, included an "expert opinion" in support of the malpractice allegation. The documents, however, related to an ancillary grievance proceeding filed by appellant and included no expert report that would support appellant's allegation that appellee committed legal malpractice.

{¶8} On October 21, 2013, the trial court entered summary judgment in appellee's favor. The court determined that appellant's late filings, purporting to include

3

an expert opinion, were both inadequate under Civ.R. 56(E) and subject to confidentiality under the rules governing the disciplinary process in Ohio. The court further emphasized that the purported expert opinion failed to address the primary issues in the underlying action; namely, the standard of care that was breached which proximately caused appellant's alleged damages. The court acknowledged that an expert report may be unnecessary if the alleged malpractice is so manifest as to be within the ordinary ken and experience of a layperson. The court determined, however, that the circumstances of the underlying case did not present such an obvious case of malpractice to place it outside the general rule requiring an opinion of an expert.

{¶9} The trial court consequently concluded that, although an attorney-client relationship was established, there was no evidence to support appellant's allegation that appellee breached any professional obligation he owed appellant that proximately caused appellant harm. The court therefore determined there was no genuine issue of material fact to be litigated regarding appellee's professional negligence. This appeal followed.

{¶10} Appellant assigns two apparent errors for this court's review. His first assignment of error reads simply:

{¶11} "Breach of contract of attorney/client relationship"

{¶12} Appellant contends the trial court erred in awarding appellee summary judgment because his legal malpractice claim did not require expert testimony to establish whether appellee breached his professional duty.

{¶13} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated;

4

(2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶14} To establish a claim for legal malpractice a plaintiff must show: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages suffered by a client as a result of that attorney's breach of duty. *Sprague v. Simon*, 144 Ohio App.3d 437, 441 (11th Dist.2001), *citing Krahn v. Kinney,* 43 Ohio St.3d 103, 105 (1989). Failure to prove any one of these elements entitles a defendant to summary judgment on a legal malpractice claim.

{¶15} "Summary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is 'neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law.'" *Brunstetter v. Keating*, 11th Dist. Trumbull No. 2002-T-0057, 2003-Ohio-3270, ¶16, quoting *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203 (1st Dist.1983). In all but a few cases, expert testimony is required to support allegations of legal malpractice. *Brunstetter*, *supra.*

5

{¶16} In his motion for summary judgment, appellee presented an affidavit averring he breached no professional duty to appellant; he further argued that, even if a breach could be inferred from the facts, appellant suffered no resulting prejudice. Appellee's motion was sufficient to shift the burden requiring appellant to establish a genuine issue of material fact. For the reasons that follow, we hold he failed to do so.

{¶17} In his brief, appellant blankly asserts his claim for malpractice does not require expert testimony because appellee's conduct was so obviously negligent that an expert opinion was unnecessary. We do not agree.

{¶18} Appellant asserts that appellee "allowed" the case to be removed to federal court without his consultation or consent. The record suggests Trinity, not appellee, sought removal to the federal court. And, even if appellant wished to contest the removal, we fail to see how appellee's decision not to seek appellant's input on the matter is such an obvious error that it would rise to the level of a breach of his professional duty. Further, the record indicates that appellee's oral settlement of the case may have been unauthorized; while, in the abstract, this might be an obvious breach of appellee's professional duty, the potential breach caused appellant no damage. The trial court eventually determined that appellant was not bound by the settlement and he continued to prosecute the matter pro se. Moreover, the fact that appellee negotiated appellant a $7,000 settlement on a case in which Trinity was awarded summary judgment further supports the conclusion that appellee's representation was consistent with his professional obligations. Appellant's actions, consequently, do not constitute negligence as a matter of law.

6

{¶19} Despite appellant's conclusory statement, we fail to discern what aspect of appellee's representation was so obviously negligent that appellant was not required to submit an expert report. Under the circumstances, an expert was necessary to opine on the manner in which appellee's representation allegedly fell below professional standards of conduct as well as how the alleged breach proximately caused appellant damage. Because appellant failed to submit an expert report, appellee was entitled to judgment as a matter of law.

{¶20} Appellant's first assignment of error is without merit.

{¶21} Appellant's second assignment of error reads:

{¶22} "Diversity jurisdiction and Remand"

{¶23} Appellant offers no argumentation in support of this assignment of error. Pursuant to App.R. 16(A)(7), it is not well taken.

{¶24} Appellant's second assignment of error lacks merit.

{¶25} For the reasons discussed above, the judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

7