[Cite as *State v. Ramsay*, 2020-Ohio-1203.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

GAVON N. RAMSAY

    Appellant

C.A. No.    19CA0016-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18CR0548

DECISION AND JOURNAL ENTRY

Dated: March 31, 2020

HENSAL, Judge.

{¶1}    Gavon Ramsay appeals his sentences for aggravated murder, aggravated burglary, kidnapping, and abuse of a corpse in the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Ramsay murdered a 98-year old woman after breaking into her house. He then abused her corpse before stuffing it into a hall closet. He was 17 years old at the time. A few weeks later law enforcement found video evidence of the events on Mr. Ramsey's cell phone while investigating a different matter. The Grand Jury indicted Mr. Ramsay on one count of aggravated murder, two counts of murder, three counts of felony murder, one count of aggravated burglary, one count of kidnapping, and one count of abuse of a corpse. After the trial court denied Mr. Ramsay's motion to suppress, he pleaded no contest to the offenses. The trial court found him guilty of the offenses and, following an evidentiary hearing, sentenced him to life imprisonment

without the possibility of parole for the aggravated murder offense. The court also sentenced Mr. Ramsay to 10 years for aggravated burglary, 10 years for kidnapping, and 12 months for abuse of a corpse, which it ordered to run consecutive to each other and to the sentence for aggravated murder. Mr. Ramsay has appealed his sentence, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF LIFE WITHOUT PAROLE WHEN THE DEFENSE INTRODUCED SIGNIFICANT AND COMPELLING EVIDENCE THAT THE JUVENILE WAS CAPABLE OF BEING REFORMED IN THE OHIO PENAL SYSTEM AND HIS ACTIONS, ALTHOUGH HEINOUS AND CALCULATED, ARE PROBABLY ISOLATED AND UNLIKELY TO RECUR.

{¶3} Mr. Ramsay argues that the trial court should not have sentenced him to life imprisonment without parole for the aggravated murder offense. Revised Code Section 2929.03(A)(1) provides that a sentencing court shall impose one of four options when sentencing an offender for aggravated murder: life imprisonment without parole, life imprisonment with parole eligibility after 20 years, life imprisonment with parole eligibility after 25 years, or life imprisonment with parole eligibility after 30 years. Mr. Ramsay notes that the United States Supreme Court has recognized that "sentencing a child to life without parole is excessive for all but 'the rare juvenile offender whose crime reflects irreparable corruption[.]'" *Montgomery v. Louisiana*, __ U.S. __, 136 S.Ct. 718, 734 (2016), quoting *Miller v. Alabama*, 567 U.S. 460, 479-480 (2012). According to Mr. Ramsay, the trial court incorrectly found that he is not capable of redemption.

{¶4} The State argues that this Court does not have authority to review Mr. Ramsay's sentence. Section 2953.08(A) provides, in part, that "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed * * *." Section

2953.08(D)(3), however, provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." According to the Ohio Supreme Court, "R.C. 2953.08(D) is unambiguous." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 17. The language of Section 2953.08(D)(3) "clearly means what it says: such a sentence cannot be reviewed." *Id.*

{¶5} Mr. Ramsay has not argued that Section 2953.08(D)(3) is unconstitutional as applied to a juvenile who has received a sentence of life imprisonment without parole. He also has not identified any other statutory or constitutional authority that would allow this Court to review his sentence. *See* R.C. 2953.08(A), *but see State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 21 ("R.C. 2953.08 specifically and comprehensively defines the parameters and standards * * * for felony-sentencing appeals."). Mr. Ramsay noted at oral argument that the juveniles in the cases he cited in his brief received review of their life without parole sentences. Many of those cases, however, arose from other states. In addition, although the juvenile defendants in *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, *State v. Rafferty*, 9th Dist. Summit No. 26724, 2015-Ohio-1629, and *State v. Brown*, 6th Dist. Lucas No. L-16-1181, 2018-Ohio-132, received review of their sentences of life imprisonment without parole, Section 2953.08(D)(3) was not raised or addressed in any of those cases. Section 2953.08(D)(3) has been raised by the State in this case and, upon consideration of the plain language of that section, we conclude that we are without authority to review Mr. Ramsay's sentence for aggravated murder. *State v. McCarley*, 9th Dist. Summit No. 28657, 2018-Ohio-4685, ¶ 38. Mr. Ramsay's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING TO SPECIFICALLY CONSIDER THE

JUVENILE'S AGE AS A FACTOR IN MITIGATION OF PUNISHMENT PURSUANT TO THE OHIO SUPREME COURT'S HOLDING IN *STATE V. LONG*, 138 OHIO ST.3D 478 (2014).

{¶6} Mr. Ramsay next argues that the trial court failed to properly consider his age at the time of the offense when it determined that he should be sentenced to life imprisonment without parole. Because Mr. Ramsay's argument again relates to the sentence the trial court imposed for aggravated murder under Section 2929.03, we conclude that we are without authority to review the merits of his argument. R.C. 2953.08(D)(3); *McCarley* at ¶ 38. Mr. Ramsay's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MERGE AGGRAVATED BURGLARY AND KIDNAPPING, COUNTS SEVEN AND EIGHT OF THE INDICTMENT, WITH EACH OTHER AND WITH COUNT ONE, AGGRAVATED MURDER.

{¶7} Mr. Ramsay also argues that the trial court erred when it failed to merge his aggravated burglary and kidnapping offenses with the aggravated murder offense and with each other. He argues that the offenses should all merge because they were committed at the same time and with the same animus. Section 2953.08(D)(3) does not bar review of Mr. Ramsey's sentences for these offenses.

{¶8} Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. at paragraph three of the syllabus. When determining whether offenses merge under Section 2941.25, this Court applies a de novo standard of review. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 12.

{¶9} Regarding whether Mr. Ramsay's conviction for aggravated murder should merge with his conviction for aggravated burglary, the Ohio Supreme Court has held that aggravated murder is not an allied offense of similar import to aggravated burglary. *State v. Moss*, 69 Ohio St.2d 515 (1982), paragraph two of the syllabus. Accordingly, they do not merge under Section 2941.25 even if they were committed at the same time and with the same animus.

{¶10} Regarding whether Mr. Ramsay's conviction for kidnapping should merge with his convictions for aggravated murder or aggravated burglary, we note that Mr. Ramsay failed to make those arguments before the trial court. If a defendant fails to seek the merger of his convictions as allied offenses of similar import in the trial court, he forfeits his allied offenses claim for appellate review. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21. Although the defendant may still argue plain error on appeal, Mr. Ramsay has not developed a plain error argument in his appellate brief. *See State v. May*, 9th Dist. Lorain No. 17CA011204, 2018-Ohio-2996, ¶ 9. This

Court will not create a plain-error argument on his behalf. *Id*.; *State v. Hamilton*, 9th Dist. Lorain No. 17CA011238, 2019-Ohio-1829, ¶ 21.

{¶11} Upon review of the record, we conclude that Mr. Ramsay has failed to establish that the trial court erred when it did not merge his convictions for aggravated murder, aggravated burglary, and kidnapping. Mr. Ramsay's third assignment of error is overruled.

III.

{¶12} Mr. Ramsay's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DAVID C. SHELDON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.