[Cite as *State v. Arnoff*, 2020-Ohio-3520.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

v.

BRUCE ARNOFF

    Appellant

C.A. No.    19CA011475

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CR098905

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

---

HENSAL, Judge.

**{¶1}** Bruce Arnoff appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This appeal stems from Mr. Arnoff's involvement in hiring another person to shoot and kill an acquaintance. A grand jury indicted Mr. Arnoff on three counts of complicity to commit aggravated murder (all special felonies), six counts of complicity to commit murder (all special felonies), six counts of complicity to commit felonious assault (all second-degree felonies), and two counts of tampering with evidence (both third-degree felonies). Each complicity-to-commit-aggravated-murder, complicity-to-commit-murder, and complicity-to-commit-felonious-assault count included an accompanying firearm specification.

**{¶3}** After initially pleading not guilty, Mr. Arnoff pleaded guilty to all 17 counts of the indictment. The trial court held a combined change-of-plea and sentencing hearing on December

10, 2018. During that hearing, the trial court advised Mr. Arnoff that it had sat through Mr. Arnoff's co-defendant's trial, and that it was familiar with the facts and evidence against him. After accepting his guilty plea, the trial court advised Mr. Arnoff that the prison time for the complicity-to-commit-aggravated-murder and complicity-to-commit-murder counts, as well as the 15 firearm specifications, was mandatory prison time. Mr. Arnoff confirmed that he understood.

{¶4} Mr. Arnoff's counsel requested that the trial court refer Mr. Arnoff for a presentence-investigation report to aid the court in its sentencing, and to allow Mr. Arnoff time to conclude some business matters prior to his sentencing. In response, the State indicated that it was ready to proceed with sentencing, that the sentences were mandatory, and that it could provide the court with Mr. Arnoff's prior criminal history. The trial court denied Mr. Arnoff's counsel's request for a presentence-investigation report, noting that the sentences were mandatory. The trial court then proceeded with sentencing, during which the State orally advised the trial court of Mr. Arnoff's criminal history, but did not introduce any supportive documentation.

{¶5} Because the complicity-to-commit-aggravated-murder, complicity-to-commit-murder, and complicity-to-commit-felonious-assault counts were all allied offenses, the State elected to proceed with sentencing on count two of the indictment, i.e., complicity to commit aggravated murder under Sections 2923.03(A)(2) and 2903.01(A), along with the accompanying firearm specification. The trial court sentenced Mr. Arnoff to mandatory life imprisonment with parole eligibility after 30 years for that count, as well as two years of imprisonment for each of the two tampering-with-evidence counts. The trial court ordered the tampering-with-evidence sentences to run concurrently with the 30-year sentence for the complicity-to-commit-aggravated-murder count. It then sentenced Mr. Arnoff to a mandatory term of three years of imprisonment for the firearm specification that accompanied the complicity-to-commit-aggravated-murder

count. The trial court ordered that three-year sentence to run consecutively to Mr. Arnoff's 30-year sentence for a total sentence of mandatory life imprisonment with parole eligibility after 33 years.

{¶6} Mr. Arnoff subsequently filed a pro se motion to withdraw his guilty plea with the trial court, as well as a motion for a delayed appeal with this Court. This Court ultimately accepted Mr. Arnoff's appeal, which raises two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY IMPOSING A MANDATORY SENTENCE.

{¶7} In his first assignment of error, Mr. Arnoff argues that the trial court erred by imposing a mandatory sentence. This Court disagrees.

{¶8} Revised Code Section 2953.08(A) provides, in part, that "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed * * *." "The Supreme Court of Ohio has held that 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Daniels*, 9th Dist. Wayne No. 17AP0036, 2020-Ohio-1176, ¶ 35, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). Section 2953.08(D)(3), however, provides that "[a] sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section." "According to the Ohio Supreme Court, 'R.C. 2953.08(D) is unambiguous.'" *State v. Ramsay*, 9th Dist. Medina No. 19CA0016-M, 2020-Ohio-1203, ¶ 4, quoting *State v. Porterfield*,

106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 17. "The language of Section 2953.08(D)(3) 'clearly means what it says: such a sentence cannot be reviewed.'" *Id.*

{¶9} Mr. Arnoff argues that Section 2929.13(F)(6) allows a trial court to impose a mandatory sentence for a first or second-degree felony if the defendant was previously convicted of or pleaded guilty to a first or second-degree felony. He asserts that the State did not introduce evidence of any prior conviction, and that the prosecutor's unsworn statement regarding his prior convictions at the sentencing hearing was not sufficient. He also asserts that, at sentencing, information was referenced from his co-defendant's case, which the trial court was not permitted to rely upon when fashioning its sentence. He, therefore, concludes that this Court must vacate his sentence and remand the matter for a new sentencing hearing.

{¶10} In response, the State argues that Mr. Arnoff's reliance upon Section 2929.13(F)(6) is misplaced because that Section governs sentencing for first and second-degree felonies, and Mr. Arnoff's murder convictions were special felonies, not first or second-degree felonies. The State argues that Mr. Arnoff, therefore, faced a mandatory prison term as a matter of law, and that it was not required to introduce evidence of his prior convictions. The State also argues that the trial court did not err by considering information from Mr. Arnoff's co-defendant's case at sentencing.

{¶11} As the State points out, Mr. Arnoff was convicted and sentenced for complicity to commit aggravated murder under Sections 2903.01(A) and 2923.03(A)(2), which is a special felony. *See State v. Williams*, 9th Dist. Summit No. 24169, 2009-Ohio-3162, ¶ 2 (noting that aggravated murder in violation of Section 2903.01(A) is a special felony). Section 2929.02(A) provides that "[w]hoever is convicted of or pleads guilty to aggravated murder in violation of section 2903.01 * * * shall suffer death or be imprisoned for life[.]" The prison sentences for aggravated murder are mandatory and, per Section 2953.08(D)(3), are not subject to appellate

review. *See State v. Broe*, 1st Dist. Hamilton No. C-020521, 2003-Ohio-3054, ¶ 90. ("Sentencing for * * * aggravated murder falls under a special, comprehensive statutory scheme different from that applied to other felonies. The prison sentences are mandatory."); *Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 19 ("R.C. 2953.08(D) clearly precludes review of individual murder sentences imposed pursuant to R.C. 2929.02 to 2929.06[.]"); *see* R.C. 2923.03(F) (governing complicity and providing that "[w]hoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender.").

{¶12} Here, the indictment did not contain a death-penalty specification. The trial court, therefore, was statutorily required to impose a mandatory term of life imprisonment, regardless of Mr. Arnoff's prior criminal history. Mr. Arnoff, therefore, has not established that the trial court erred by imposing a mandatory sentence. To the extent that Mr. Arnoff argues that the trial court erred by considering evidence from his co-defendant's case, which his trial counsel did not object to, he has not established how any error in that regard prejudiced him. *See Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 10 ("An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support."); *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22 (addressing the plain-error standard and stating that "[t]he accused is * * * required to demonstrate a reasonable *probability* that the error resulted in prejudice[.]"). (Emphasis sic.) Based upon the arguments presented, Mr. Arnoff's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY NOT ALLOWING MR. ARNOFF TO WITHDRAW HIS PLEA.

{¶13} In his second assignment of error, Mr. Arnoff argues that the trial court erred by not allowing him to withdraw his plea. For the reasons that follow, we decline to address the merits of this assignment of error.

{¶14} In his merit brief, Mr. Arnoff asserts that he filed his motion to withdraw his guilty plea on January 9, 2019. The record supports this. He then asserts that the trial court denied his motion on February 12, 2019. The record does not support this. Instead, this Court's review of the record indicates that, after Mr. Arnoff filed his motion to withdraw his guilty plea, he filed a motion captioned as a motion to dismiss items and testimony on January 16, 2019. The trial court denied that motion on February 1, 2019. Then, on February 12, 2019, Mr. Arnoff filed a motion captioned as a motion to appeal the denial of his motion to vacate his plea, which the trial court denied that same day. He then filed a notice of appeal with this Court on February 15, 2019. Thus, while the trial court did make certain rulings between the time Mr. Arnoff filed his motion to withdraw his guilty plea on January 9, 2019, and the time he filed his notice appeal with this Court on February 15, 2019, it did not specifically rule on Mr. Arnoff's January 9, 2019, motion to withdraw his guilty plea. That motion, therefore, remains pending with the trial court. Accordingly, this Court declines to address the merits of Mr. Arnoff's second assignment of error. Mr. Arnoff's second assignment of error is overruled.

III.

{¶15} Mr. Arnoff's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.