[Cite as *Arnoff v. Patterson*, 2026-Ohio-1227.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| BRUCE ARNOFF, | **CASE NO. 2025-L-083** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| ATTORNEY DAVID PATTERSON, | |
| Defendant-Appellee. | Trial Court No. 2024 CV 001871 |

## OPINION AND JUDGMENT ENTRY

Decided: April 6, 2026
Judgment: Affirmed

*Bruce Arnoff,* pro se, PID# A754-939, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Plaintiff-Appellant).

*Orville L. Reed*, Stark & Knoll Co., L.P.A., 3475 Ridgewood Road, Akron, OH 44333 (For Defendant-Appellee).

ROBERT J. PATTON, J.

{¶1}     Appellant, Bruce Arnoff ("Arnoff") appeals from the judgment of the Lake County Court of Common Pleas granting summary judgment in favor of appellee, Attorney David Patterson ("Patterson"), on Arnoff's legal malpractice complaint. For the reasons set forth below, the judgment of the Lake County Court of Common Pleas is affirmed.

{¶2}     The crux of Arnoff's claim centers around Patterson's representation of him in federal district court. Arnoff alleges Patterson violated several rules of professional conduct and opines that Patterson's representation resulted in the dismissal of his federal habeas claim. After a review of the record, including the cross-motions for summary

judgment, we find that no genuine issues of material fact existed as to Arnoff's legal malpractice claim and that Patterson was entitled to judgment as a matter of law. The trial court did not err when it granted summary judgment in favor of Patterson.

{¶3} Arnoff raises several other issues within his assignments of error. Regarding these issues, we conclude that the trial court did not abuse its discretion when it denied Arnoff's motion for joinder pursuant to Civ.R. 19 and 20. We further conclude that Arnoff was not deprived of his right to a jury trial. Additionally, we find that Arnoff has waived any claim regarding Patterson's failure to answer interrogatories, as Arnoff did not seek to compel discovery in the court below. Finally, the record in this case was devoid of any evidence of an appearance of judicial bias or prejudice.

{¶4} Accordingly, none of Arnoff's assignments of error have merit, and the judgment of the Lake County Court of Common Pleas is affirmed.

**Substantive and Procedural Facts**

{¶5} By way of background, Arnoff is currently incarcerated serving a sentence of 33 years to life in prison as a result of his conviction of complicity to commit aggravated murder under R.C. 2923.03(A)(2) and 2903.01(A) and an accompanying firearm specification. *State v. Arnoff*, 2020-Ohio-3520, ¶ 5 (9th Dist.). The Ninth District Court of Appeals affirmed Arnoff's sentence. *Id.* at ¶ 15. Arnoff did not file a timely direct appeal to the Supreme Court of Ohio.

{¶6} On March 7, 2022, Arnoff filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2254 in the United States District Court for the Northern District of Ohio. *Arnoff v. Black*, 2025 WL 925824, *1 (N.D.Ohio Mar. 27, 2025). Nearly a year after filing his pro se petition for writ of habeas corpus, Arnoff hired Patterson to assist him in

Case No. 2025-L-083

his habeas proceedings in federal court on February 12, 2023. The Attorney Fee Deposit/Retainer Agreement was signed by Alan Gillespie ("Gillespie"), on behalf of Arnoff, and Patterson. The agreement was dated February 12, 2023. According to the agreement, Patterson was paid a $4,500 retainer fee.

{¶7} The federal district court sua sponte raised the issue of whether Arnoff's petition was untimely and offered the parties the opportunity to brief the issue. *Arnoff v. Black*, 2024 WL 5514817, *3 (N.D.Ohio May 15, 2024). Ultimately, the magistrate judge issued a report and recommendation finding that Arnoff's pro se petition was untimely and time barred. *Id.* at *7*. The report and recommendation also concluded that Arnoff did not establish that he was entitled to equitable tolling. *Id.*

{¶8} Arnoff filed objections to the magistrate judge's report and recommendation. Arnoff raised "the same arguments he raised before the Magistrate Judge and which the Magistrate Judge rejected, that: (1) he is entitled to have the limitations period start on a later date because he did not know the factual predicate of his claim, and (2) he is entitled to equitable tolling because he was inhibited from acting sooner due to his incarceration, ineffective assistance of counsel, lack of knowledge of prior counsel's errors, and limitations from acting pro se." *Arnoff*, 2025 WL 925824 at *1.[1]

{¶9} On December 6, 2024, while his objections to the report and recommendation were pending in the federal district court, Arnoff filed a complaint against Patterson for legal malpractice, which is the underlying case in this appeal. In the complaint, Arnoff asserted that Patterson: failed to inform Arnoff that he did not have

---

1. While the underlying legal malpractice claim was pending, the federal district court accepted the magistrate's report and recommendation that Arnoff's pro se petition be dismissed as untimely. *Arnoff*, 2025 WL 925824, at *1.

Case No. 2025-L-083

malpractice insurance in accordance with Prof.Cond.R. 1.4(c), incorrectly filed motions, failed to correct misfiled motions expediently, lied and made false promises to Arnoff, received additional money from a third party, and lied to the court.

{¶10} On January 2, 2025, Patterson filed a motion for leave to plead, which the trial court granted on the same day.[2] On February 10, 2025, Arnoff filed a request for interrogatories seeking responses from Patterson. Arnoff also filed interrogatories completed by an individual named Keith Eckmeyer. Patterson did not file a response to Arnoff's request.

{¶11} On February 27, 2025, Patterson, through counsel, filed an answer to Arnoff's complaint. On March 11, 2025, Arnoff filed a reply to Patterson's answer. The trial court struck the reply from the record for failing to comply with the Ohio Rules of Civil Procedure.

{¶12} On March 31, 2025, Arnoff filed a motion for summary judgment and requested oral arguments. The following day, on April 1, 2025, Arnoff filed a motion to correct a manifest injustice asserting that the trial court's decision striking his reply to Patterson's answer was prejudicial. On April 28, 2025, Arnoff filed a motion for trial by jury.

{¶13} On April 30, 2025, Patterson jointly filed his motion for summary judgment and his response in opposition to Arnoff's motion for summary judgment. The following day, on May 1, 2025, Patterson sought to amend his answer to include the affirmative defenses of res judicata and collateral estoppel based upon the March 27, 2025 decision in the United States District Court in *Arnoff*, 2025 WL 925824, at *1.

---

2. Arnoff filed a response in opposition to Patterson's motion for leave on February 3, 2025, over a month after the trial court granted Patterson's motion.

Case No. 2025-L-083

{¶14}   On May 5, 2025, Arnoff filed a second motion for trial by jury. On May 9, 2025, Arnoff filed an objection to Attorney Patterson's motion for summary judgment and a second request for oral argument. On May 13, 2025, Patterson filed a reply to Arnoff's opposition to Patterson's motion for summary judgment. Arnoff then filed a motion for evidentiary hearing on May 20, 2025. On June 2, 2025, Arnoff filed a motion for joinder pursuant to Civ.R. 19 and 20 and an objection to Patterson's motion for summary judgment. On June 9, 2025, Patterson filed an opposition to Arnoff's motion for joinder.

{¶15}   On June 10, 2025, the trial court granted Patterson's motion for summary judgment and denied Arnoff's motion for summary judgment. Specifically, the trial court determined that Arnoff failed to present evidence that Patterson breached his duty to him or that there was any resulting damage or loss as a result of Patterson's representation. The trial court concluded that no genuine issues of material fact existed on the legal malpractice claim and that Patterson was entitled to judgment as a matter of law. The trial court also denied or overruled the following motions filed by Arnoff: the April 1, 2025 motion to correct a manifest injustice, the April 28, 2025 and May 5, 2025 motions for trial by jury, the May 20, 2025 motion for evidentiary hearing, and the June 2, 2025 motion for joinder.

{¶16}   On July 7, 2025, Arnoff filed a notice of appeal from the trial court's judgment granting summary judgment in favor of Patterson.[3]

**The Appeal**

{¶17}   Arnoff raises the following assignments of error for review on appeal in his brief:

---

3. On June 27, 2025, prior to filing his notice of appeal, Arnoff filed a "motion for reconsideration" in the court below. Patterson filed an opposition to the motion on July 18, 2025. Arnoff's motion remains pending.

Case No. 2025-L-083

[1.] LAKE COUNTY COURTS ERRED BY GRANTING A SUMMARY JUDGMENT.

[2.] PATTERSON PROVIDED INEFFECTIVE COUNSEL.

{¶18} Within his assignments of error, Arnoff also raises the following claims: 1) judicial bias and misconduct, 2) the denial of his motions for a jury trial and his motion for joinder, and 3) Patterson's failure to answer Arnoff's interrogatories.

**Motion for Joinder – Civ.R. 19 and 20**

{¶19} We first address the trial court's decision denying his motion for joinder. In his motion in the court below, Arnoff requested joinder of Gillespie, Robert McMahon ("McMahon"), and Keith Eckmeyer ("Eckmeyer"), as plaintiffs pursuant to Civ.R. 19 and 20. Arnoff alleged that Gillespie and McMahon were also represented by Patterson and received ineffective assistance of counsel. Arnoff asserted that Eckmeyer erroneously gave money to Patterson to represent Arnoff.

{¶20} We review a trial court's decision as to whether a person is a necessary party pursuant to Civ.R. 19 under an abuse of discretion standard. *Miller Transp., Inc. v. Hocking Athens Perry Community Action*, 2024-Ohio-1017, ¶ 30 (10th Dist.), citing *Ford Motor Credit Co. v. Ryan*, 2010-Ohio-4601, ¶ 67 (10th Dist.), citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 184 (1984). Similarly, "'[w]hether to grant or deny a motion for permissive joinder pursuant to Civ.R. 20(A) is a matter committed to the sound discretion of the trial court.'" *Coffman v. Ohio State Adult Parole Auth.,* 2013-Ohio-109, ¶ 17 (10th Dist.), quoting *N. Side Bank & Trust Co. v. Performance Home Buyers, L.L.C.*, 2009-Ohio-1277, ¶ 12 (2d Dist.). A trial court's "'failure to exercise sound, reasonable, and legal decision-making'" is an abuse of discretion. *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶21} Civ.R. 19(A) provides:

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.

{¶22} Civ.R. 20(A), detailing permissive joinder of plaintiffs, provides in relevant part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or succession or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

{¶23} The trial court denied Arnoff's request and concluded that Arnoff did "not attempt to explain how these parties meet the criteria of either [Civ.R. 19 or Civ.R. 20]" and that Arnoff could "not prove that he suffered damages proximately caused by

[Patterson]'s breach of duty to him by pointing to [Patterson]'s representation of other clients."

{¶24}   Upon review of Arnoff's motions, we conclude that the trial court did not abuse its discretion in denying Arnoff's request for the joinder of plaintiffs. While Gillespie and McMahon may have grounds to assert independent claims against Patterson for legal malpractice, there is nothing in the record to indicate that either party was a necessary party pursuant to Civ.R. 19 in Arnoff's legal malpractice claim. Eckmeyer, who allegedly provided additional money to Patterson on behalf of Arnoff, is also not a necessary party. In other words, their absence from the proceedings in no way affected Arnoff's ability to obtain relief had Arnoff's claim been successful.

{¶25}   Additionally, none of the three named individuals had an interest relating to the subject of the underlying action. The disposition of Arnoff's claim did not impair or impede their ability to pursue independent claims or "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. . . ." Civ.R. 19(A). Finally, McMahon, Gillespie, and Eckmeyer did not have "an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee." *Id*. Therefore, joinder pursuant to Civ.R. 19 was not required, and the trial court did not abuse its discretion when it denied Arnoff's request.

{¶26}   Likewise, the trial court did not abuse its discretion when it denied Arnoff's request for joinder pursuant to Civ.R. 20. This is a legal malpractice claim arising out of Patterson's representation of Arnoff. McMahon, Gillespie, and Eckmeyer did not assert a right to relief in respect of or arising out the same transaction or series of transactions.

Case No. 2025-L-083

Therefore, the trial court did not abuse its discretion when it denied Arnoff's motion for joinder pursuant to Civ.R. 19 and 20.

**Request for Interrogatories – Civ.R. 33**

{¶27} Arnoff also asserts within his first assignment of error that Patterson failed to respond to Arnoff's request for interrogatories in the underlying case.

{¶28} Civ.R. 33(A) provides in relevant part, "Any party, without leave of court, may serve upon any other party up to forty written interrogatories to be answered by the party served." However, Civ.R. 33 provides no guidance where a party fails to respond to interrogatories. Instead, when a party fails to respond to a request for interrogatories, the general remedy is to seek an order compelling discovery pursuant to Civ.R. 37. *See* Civ.R. 37(A)(3)(a)(iii).

{¶29} The record is devoid of any such request by Arnoff. "'It is well founded that a party who fails to raise an issue at the trial court level [forfeits] the issue on appeal.'" *Fifth Third Bank v. Richards*, 2015-Ohio-638, ¶ 26 (11th Dist.), quoting *Trumbull Career & Technical Ctr. Bd. of Edn. v. Trumbull Career & Technical Ctr. Edn. Assn.*, 2012-Ohio-5838, ¶ 9 (11th Dist.). *See State ex rel. Zollner v. Indus. Comm.,* 66 Ohio St.3d 276, 278 (1993). *See also State v. Payne,* 2007-Ohio-4642, ¶ 23 (differentiating between waiver and forfeiture). Because Arnoff failed to avail himself of the available remedy in the court below, he has forfeited the claim on appeal, except as to plain error. However, Arnoff has not advanced a plain error argument.

{¶30} Insofar as Arnoff argues that the trial court also failed to answer interrogatories, Civ.R. 33(A) provides that interrogatories may be served upon "*any other*

Case No. 2025-L-083

*party*. . . ." (Emphasis added.) The trial court was not a party to this action. Therefore, such request was not proper under the rules.

### Cross-Motions for Summary Judgment

{¶31} The primary issue raised by Arnoff in both assignments of error relates to the trial court's decision granting Patterson's motion for summary judgment and finding in favor of Patterson on Arnoff's legal malpractice claims.

{¶32} The court will review an entry of summary judgment by a lower court de novo, "i.e., 'independently and without deference to the trial court's determination.'" *Superior Waterproofing, Inc. v. Karnofel*, 2017-Ohio-7966, ¶ 19 (11th Dist.), quoting *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist. 1993), and citing *Grafton v. Ohio Edison Co.*, 1996-Ohio-336, ¶ 10.

{¶33} Civ.R. 56, which governs summary judgment proceedings, provides, in relevant part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶34} The party seeking summary judgment has the initial burden to set forth specific facts demonstrating that no issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 1996-Ohio-107, ¶ 17-18. Once

this burden is met, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists. *Id.* Not every factual dispute will preclude summary judgment. "[O]nly disputes as to the material facts," those that may affect the outcome, will preclude summary judgment. *Found. Medici v. Butler Inst. of Am. Art*, 2022-Ohio-2923, ¶ 19 (11th Dist.), citing *Bender v. Logan*, 2016-Ohio-5317, ¶ 49 (4th Dist.), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

{¶35} "[T]he Ohio Supreme Court has held that '[t]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss.'" *Garland v. Simon-Seymour*, 2009-Ohio-5762, ¶ 47 (11th Dist.), quoting *Vahila v. Hall*, 1997-Ohio-259, syllabus. *See, e.g.*, *Passerell v. Cordell*, 2015-Ohio-1767, ¶ 26 (11th Dist.).

{¶36} It is undisputed that Patterson, once retained, owed a duty or obligation to Arnoff to represent him in federal court. Arnoff was therefore required to show that Patterson breached that duty or obligation, that Patterson failed to conform to the standard required by law, *and* that there was a causal connection between Patterson's conduct and the resulting damage or loss. *See id.*

{¶37} As this court recognized in *Passerell*, "'[t]he merits of the malpractice action often depend on the merits of the underlying case when proximate cause is an issue. As such, a plaintiff in a legal malpractice action may be required to demonstrate the merits of the underlying claim.'" *Id*. at ¶ 28, quoting *C & K Indus. Servs. v. McIntyre, Kahn &*

*Kruse Co., L.P.A.*, 2012-Ohio-5177, ¶ 16 (8th Dist.), citing *Eastminster Presbytery v. Stark & Knoll*, 2012-Ohio-900, ¶ 6 (9th Dist.), citing *Vahila* at ¶ 17. The "case-within-a-case" doctrine does not apply to every legal malpractice case; however, "'it remains relevant in cases where "the theory of the malpractice case places the merits of the underlying litigation directly at issue."'" *Passerell,* 2015-Ohio-1767, at ¶ 28, quoting *C & K Indus. Servs. at* ¶ 16, quoting *Eastminster* at ¶ 7, quoting *Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.,* 2008-Ohio-3833, ¶ 18. "'In order to prove causation in these cases, the plaintiff must prove that but for the attorney's negligence, the plaintiff would have obtained a better outcome in the underlying case.'" *Passerell* at ¶ 28, quoting *C & K Indus. Servs.* at ¶ 16, citing *Eastminster* at ¶ 7, citing *Environmental Network* at ¶ 18. A plaintiff's failure to demonstrate a triable issue on a legal malpractice claim, "entitles a defendant to summary judgment. . . ." *Hinton v. Masek*, 2014-Ohio-2890, ¶ 14 (11th Dist.). *See White v. Salem*, 2023-Ohio-3839, ¶ 32 (11th Dist.).

{¶38}  Additionally, "'[s]ummary judgment in favor of the attorney is appropriate when a plaintiff fails to supply expert testimony on alleged negligence that is "neither within the ordinary knowledge of the layman nor so clear as to constitute negligence as a matter of law."'" *Hinton* at ¶ 15, quoting *Brunstetter v. Keating*, 2003-Ohio-3270, ¶ 16 (11th Dist.), quoting *Bloom v. Dieckmann*, 11 Ohio App.3d 202, 203 (1st Dist. 1983). This court has previously recognized that expert testimony is required to support allegations of legal malpractice, "in all but a few cases." *Hinton* at ¶ 15, citing *Brunstetter at* ¶ 16*.*

{¶39} Arnoff did not provide expert testimony regarding Patterson's representation either in his motion for summary judgment or in his response in opposition to Patterson's motion for summary judgment. Instead, Arnoff alleges that Patterson

violated several provisions of the Rules of Professional Conduct. "However, any breach of the Code of Professional Responsibility or an Ethical Consideration does not itself give rise to a claim in legal malpractice." *Brown v. Morganstern*, 2004-Ohio-2930, ¶ 38 (11th Dist.), citing *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 1999-Ohio-260, ¶ 27. "A violation of a disciplinary rule or ethical consideration is actionable only if it constitutes an independent tort. A plaintiff is not relieved of his burden to establish the standard of care simply because an attorney's actions purportedly constitute ethical violations." *Brown* at ¶ 38.

{¶40} Other than Arnoff's allegations, Arnoff did not provide any material evidence to support his position that Patterson violated the Rules of Professional Conduct. Moreover, Arnoff failed to establish how any of the allegations rise to an independent tort. Indeed, Arnoff's main allegation was that Patterson was "responsible and liable" for the dismissal of his federal habeas action.

{¶41} However, it is clear, from the record before this court, that it was Arnoff who filed the petition for writ of habeas corpus pro se in federal court in March 2022. Arnoff's pro se petition was pending well before Patterson was retained as counsel in February 2023. Moreover, the federal district court sua sponte requested that the parties brief the issue of timeliness. *Arnoff*, 2024 WL 5514817, at *3. Ultimately, the magistrate judge issued a report and recommendation finding that Arnoff's pro se petition was untimely and time barred. *Id.* at *7. The report and recommendation also concluded that Arnoff did not establish that he was entitled to equitable tolling. *Id.* While the underlying legal malpractice claim was pending, the federal district court accepted the magistrate judge's

report and dismissed Arnoff's pro se petition as untimely. *Arnoff*, 2025 WL 925824, at *21.[4]

{¶42} Unlike Arnoff, Patterson provided an affidavit of Attorney Lawrence J. Whitney in support of his motion for summary judgment. Attorney Whitney opined "that the conduct of Attorney Patterson did not fall below the standard of a reasonable prudent attorney in his representation of Mr. Arnoff and did not cause any damage or loss to Mr. Arnoff." He also opined that "when Attorney Patterson entered the case the statute had already run its course and there was no credible evidence to support a statutory tolling of the time period or equitable tolling."

{¶43} Arnoff failed to prove that Patterson breached his duty or that Patterson failed to conform to the standard required by law. Assuming arguendo that the allegations presented were sufficient to prove a breach, Arnoff failed to show any connection between Patterson's conduct and the resulting damage or loss, to wit: the dismissal of his federal habeas claims. *See Garland*, 2009-Ohio-5762, at ¶ 47 (11th Dist.), quoting *Vahila*, 1997-Ohio-259, at syllabus. *See, e.g.*, *Passerell*, 2015-Ohio-1767, at ¶ 26 (11th Dist.).

{¶44} Therefore, upon review of the record, we conclude that the trial court did not err when it concluded that no genuine issues of material fact existed and that Patterson was entitled to judgment as a matter of law on Arnoff's legal malpractice claim. As no genuine issues of material fact existed, summary judgment in favor of Patterson was appropriate.

---

4. Arnoff appealed the federal district court's judgment dismissing his petition for a writ of habeas corpus. While this appeal was pending, the United States Court of Appeals for the Sixth Circuit denied the certificate of appealability application on September 16, 2025. *Arnoff v. Fender*, 2025 WL 2985844, *1 (6th Cir. Sept. 16, 2025).

Case No. 2025-L-083

**Denial of Arnoff's Motions for Trial by Jury**

{¶45} Arnoff also argues that the trial court erred when it denied his motions for jury trial. We disagree.

{¶46} "A trial court does not infringe upon a right to trial by jury when granting summary judgment." *Butorac v. Osmic*, 2025-Ohio-709, ¶ 11 (11th Dist.), citing *Godale v. Chester Twp. Bd. of Trustees*, 2005-Ohio-2521, ¶ 50 (11th Dist.), citing *Security Natl. Bank and Trust Co. v. Jones*, 2001-Ohio-1534 (2d. Dist.); *Houk v. Ross,* 34 Ohio St.2d 77, 83-84 (1973).

{¶47} In *Houk v. Ross,* the appellant contended that his right to a trial by jury was violated where the trial court appropriately granted summary judgment. The Supreme Court of Ohio observed:

> Obviously, if it appears that a dispute exists as to any fact material to the issue being litigated, an entry of summary judgment against either party would clearly be erroneous, and constitute a denial of the right to a jury trial on that issue. In like manner, if both parties have had the opportunity to present the evidence permitted under the federal rule as to every fact or issue material to the litigation, and it appears to the court, after construing the evidence strictly against both parties, that no genuine issues exist and that the nonmovant is entitled to judgment, then both parties' 'due process' rights will be satisfied by the expediency of entry of summary judgment against the movant.

*Houk* at 83-84.

{¶48} "A litigant is not denied due process or the right to a jury trial when a judgment is properly entered against him in accordance with Civ.R. 56. '"[T]he right to a jury trial is only enforceable where there are factual issues to be tried, and the proper entry of summary judgment does not violate an individual's right to a jury trial."'" *Truist Bank v. Eichenberger*, 2023-Ohio-779, ¶ 31 (10th Dist.), quoting *State v. West*, 2022-

Case No. 2025-L-083

Ohio-2060, ¶ 34 (2d Dist.), quoting *Natl. Collegiate Student Loan Trust 2005-3 v. Dunlap*, 2018-Ohio-2701, ¶ 48 (4th Dist.).

{¶49} As determined above, the trial court properly concluded that no genuine issues of material fact remained on Arnoff's claim for legal malpractice and that Patterson was entitled to judgment as a matter of law. Because the trial court's decision on summary judgment was proper, Arnoff was not entitled to a jury trial on his claims.

**Judicial Bias**

{¶50} Additionally, Arnoff alleges, within his first assignment of error, that the trial judge was biased against him because Patterson had appeared before the trial judge previously. Arnoff stated in his brief "not 1 person would ever agree that a Judge will rule against a fellow Juris Doctorate whom he has known for over 20 years." Arnoff alleged that the trial court judge should have recused himself or held a jury trial.

{¶51} R.C. 2701.03 sets forth the requirements of the affidavit and proper procedure where a party seeks the disqualification of a common pleas court judge.

> If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

R.C. 2701.03(A).

{¶52} The Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction of affidavits filed pursuant to R.C. 2701.03. Therefore, a court of appeals is without authority to rule on the disqualification of the trial judge or to otherwise void a trial court's

Case No. 2025-L-083

judgment on those grounds. *State v. Sankey*, 2018-Ohio-2677, ¶ 16 (11th Dist.), quoting *State v. Russell*, 2017-Ohio-7198, ¶ 16 (2d Dist.), quoting *State v. Qualls*, 2015-Ohio-2182, ¶ 8 (2d Dist.); *State v. Haywood*, 2017-Ohio-8299, ¶ 20 (9th Dist.). *See King v. Divoky,* 2021-Ohio-1712, ¶ 44 (9th Dist.).

{¶53} However, appellate courts have "jurisdiction to review a claim of judicial bias that is alleged to result in a violation of a [party's] due process rights." *King* at ¶ 45, quoting *State v. Loudermilk*, 2017-Ohio-7378, ¶ 20 (1st Dist). "'A fair trial in a fair tribunal is a basic requirement of due process[ ]" and the due process right of an impartial and disinterested tribunal applies to civil and criminal cases alike.'" *King* at ¶ 45, quoting *In re Murchinson*, 349 U.S. 133, 136 (1955); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). Thus, an appellate court may review a claim of judicial bias on appeal in the limited scope of whether the defendant was denied due process of law. *Id. See State v. Harris*, 2025-Ohio-5438, ¶ 83 (1st Dist.); *State v. Elkins*, 2024-Ohio-5351, ¶ 11 (6th Dist.), citing *State v. McCain*, 2015-Ohio-449, ¶ 14 (2d Dist.).

{¶54} Judicial bias has been described as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *State v. LaMar,* 2002-Ohio-2128 at ¶ 34, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463 (1956), paragraph four of the syllabus. "'A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions.'" *King* at ¶ 47, quoting *In re Disqualification of George*, 2003-Ohio-5489, ¶ 5. *See State v. Smith*, 2024-Ohio-2187, ¶ 10 (1st Dist.), quoting *State v. Sharp*, 2020-

Case No. 2025-L-083

Ohio-3497, ¶ 11 (12th Dist.); *see also State v. Harris,* 2025-Ohio-5438, ¶ 84 (1st Dist.). Therefore, "'[t]he evidence must demonstrate an appearance of bias or prejudice compelling enough to overcome the presumption of judicial integrity.'" *Smith* at ¶ 10, quoting *Sharp* at ¶ 11; *see Harris* at ¶ 84. The party seeking to establish judicial bias has the burden of overcoming that presumption. *State v. Haudenschild*, 2024-Ohio-407, ¶ 18 (5th Dist.), citing *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013).

{¶55}  Upon review of the record, we find no evidence of an appearance of bias or prejudice, let alone evidence compelling enough to overcome the presumption of judicial integrity. Arnoff has developed no argument nor presented any evidence to support his claims of judicial bias. Moreover, "disagreement[s] with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal." *Arnoff v. Ferguson*, 2023-Ohio-3511, ¶ 9 (9th Dist.), quoting *King*, 2021-Ohio-1712, at ¶ 48.  Because the record is devoid of any evidence of an appearance of bias or prejudice, we conclude that Arnoff was not denied due process of law. Arnoff's claim is without merit.

{¶56}  Accordingly, none of Arnoff's assignments of error have merit.

### Conclusion

{¶57}  For the reasons set forth above, we affirm the judgment of the Lake County Court of Common Pleas.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-083

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

---

JUDGE ROBERT J. PATTON

---

JUDGE JOHN J. EKLUND,
concurs

---

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.